[Crim. No. 12784.   Second Dist., Div. One.   Aug. 29, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ANTONIO GILBERT BRACAMONTE, Defendant and Appellant.

Antonio Gilbert Bracamonte, in pro. per., and Belan M. Wagner, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Howard J. Bechefsky, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of first degree armed robbery.

In an information filed in Los Angeles on February 18, 1964, defendant, in count I was charged with robbing Concha Rosales of about $20 on January 9, 1964. It is alleged that at the time of the commission of the offense defendant was armed with a deadly weapon, namely, a .38 caliber revolver. It was further alleged that defendant had suffered a prior conviction for burglary in 1949, a prior conviction of violating the provisions of section 11500, Health and Safety Code, in 1955, and a prior conviction of burglary in 1960. In the case of the last two priors, he had served a term in prison on each offense. Defendant pleaded not guilty. The charged prior convictions were admitted. Defendant was found guilty of robbery in the first degree and of being armed at the time of the commission of the offenses. The judge, in lieu of granting a new trial, reduced the offense to attempted robbery. Defendant was sentenced to the state prison. A timely notice of appeal was filed.

On January 9, 1964, Concha Rosales and Mary Almeyda were employed at a foodstand on Wabash Avenue, Los Angeles. At about 10:30 p.m., when the area outside was well lighted, defendant, wearing white gloves and a sweater, walked by. Five minutes later he returned to the stand and ordered a hamburger. Mrs. Rosales made up the hamburger and gave it to defendant and defendant then drew a gun and said, "This is a stickup. Give me the money that you have in the register." Mrs. Rosales and Mrs. Almeyda ran out of the establishment. Mrs. Rosales heard a noise which sounded like someone crawling through a window of the stand and then heard the ring of the cash register which she had left closed.

When Mrs. Rosales returned she found a button near the window. About $21 was missing from the register. Two days later Mrs. Rosales selected defendant's picture from a group of photographs at the police station as being the person who had committed the robbery.

On January 21, 1964, Officer Andrews, with other officers, went to an address on Whiteside Street in Los Angeles with a warrant for the arrest of Frank Maez, who previously had sold narcotics to Officer Andrews. Upon the arrest of Maez, and others present, Officer Andrews searched the house and located heroin, marijuana and narcotics paraphernalia. After the search Alfred Jiminez entered the house and Officer Andrews observed puncture wounds (similar to those caused by the injection of narcotics) in Jiminez' veins. Jiminez was arrested. Deputy Moreno (who had been left outside of the house) advised Officer Andrews that Jiminez had arrived in a truck and that there was a person in the truck. Deputy Moreno also advised Officer Andrews that the person left in the truck had ducked down out of his sight, below the windshield, that he ''had slid down into the seat . . . but was still in the truck.''

Officer Andrews approached the vehicle, opened the door and saw defendant underneath the dashboard on the right floorboard huddled over a package in his midsection. Officer Andrews asked defendant to step out of the vehicle and conducted a cursory search for weapons. Defendant had four live .38 caliber bullets in his left rear pocket. There was a cylindrical object about three inches long and three-quarters of an inch in diameter in his right front pocket which was a ''narcotic outfit,'' containing a needle, an eyedropper, syringe and a spoon. Defendant, who gave his name as Romerez, was arrested for a violation of the narcotics laws. The package in the truck contained the .38 caliber revolver used in the robbery on January 9, 1964. Defendant's wallet was found under the driver's seat. The buttons on defendant's jacket-sweater matched the button found by Mrs. Rosales immediately after the robbery. Defendant's jacket-sweater had one button missing.

This case was previously tried and a judgment of guilty was returned by a jury. On appeal the cause was reversed solely because of a violation of the *Dorado-Escobedo* rules. [*People* v. *Dorado,* 62 Cal.2d 338 (42 Cal.Rptr. 169, 398 P.2d 361) ; *Escobedo* v. *Illinois,* 378 U.S. 478 (12 L.Ed.2d 977, 84 S.Ct. 1758)]. (Criminal No. 10092, *People* v. *Bracamonte,* Court of Appeal, unpublished.) The remittitur was filed on

January 31, 1966, and the cause was restored to the calendar. The minutes of February 15, 1966, indicate that the sheriff was directed to transport the defendant from state prison to the court for further proceedings. On March 9, 1966, the public defender was appointed to represent defendant and a trial was set for March 28, 1966. On March 28, 1966, when the cause was called for trial, the prosecutor advised that some of his witnesses who had been served with subpoenas were not present, that Concha Rosales (the victim) was not present and had told an investigating officer that she was sick and that another witness was home sick recovering from an operation. The judge ruled that under section 1382, Penal Code, there was good cause for continuance beyond the 60-day period for trial and the matter was set over until April 7, 1966, at which time the trial was started.

Appellant now asserts that he was not granted a speedy trial, that the revolver and the bullets were the products of an unreasonable search, a photograph of appellant was inadmissible in evidence and that the prosecutor improperly referred to appellant as an ''ex-convict'' and an ''ex-con.''

Penal Code, section 1382,[1] provides that in the ab-

---

[1]Section 1382 of the Penal Code provides as follows: ''The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

''1. When a person has been held to answer for a public offense and an information is not filed against him within 15 days thereafter.

''2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court within 60 days after such mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter.

''3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arrested unless he has signed a written notice to appear, in which case within 45 days after the latest date by which he has promised to appear, or the date upon which he does in fact appear, whichever may be later, or if there has been no arrest and he has not signed a notice to appear, within 45 days after he has, by appearance in court pursuant to a parking citation or otherwise, submitted himself to the jurisdiction of the court, or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the inferior court, within 30 days after such mistrial has been declared, after entry of the order granting the new trial, or after the remittitur is filed in the trial court or, if the new trial is to be held in the superior court, within 30 days after the judg-

sence of good cause to the contrary, the court must order an action in dismissal if defendant is not brought to trial within 60 days after the filing of the remittitur unless the defendant consents to the delay. Here there was not consent by the defendant; however, there was no motion to dismiss the action and under the circumstances the time is waived. (*People* v. *Wilson,* 60 Cal.2d 139, 146-150 [32 Cal.Rptr. 44, 383 P.2d 452].) In any event, there was good and sufficient cause for the delay. (See *In re Lopez,* 39 Cal.2d 118, 120 [245 P.2d 1]; *People* v. *Buckley,* 116 Cal. 146, 152-153 [47 P. 1009]; *Caputo* v. *Municipal Court,* 184 Cal.App.2d 412 [7 Cal.Rptr. 435].)

■ With reference to the securing of the gun and the bullets, Division Three of this court succinctly stated the matter in its previous opinion as follows: "Defendant also claims that the police obtained the gun and the sweater because of an illegal search and seizure. The point has no merit. Defendant's suspicious conduct under the circumstances described entitled the police to stop him for questioning and to subject him to a superficial search for concealed weapons. [Citation.] The superficial search led to the discovery of the narcotics kit, which justified the arrest, which in turn justified the search of the truck. [Citations.] Although defendant and Jiminez differed with the officers on the circumstances of the arrest, the resolution of the conflicting facts was for the trial judge and his ruling admitting the evidence implies that he resolved any conflict in favor of the People. [Citations.]"

Officer Andrews stated that he searched the truck after the arrest and the prosecution on appeal after the conviction is entitled to rely upon his testimony. (*People* v. *Smith,* 210 Cal.App.2d 252, 257 [26 Cal.Rptr. 620].) The law of the case prevails. (*People* v. *Terry,* 61 Cal.2d 137, 151 [37 Cal.Rptr. 605, 390 P.2d 381].) Even had the arrest taken place after the search of the truck, appellant's contention would be without

ment on appeal becomes final; except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter or (2) if it is not tried on the date set for trial because of the defendant's neglect or failure to appear, in which case he shall be deemed to have been arrested within the meaning of this subdivision on the date of his subsequent arrest on a bench warrant or his submission to the court.

"If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date for his trial unless the court has explained to him his rights under this section and the effect of his consent."

merit. The real question is did Officer Andrews have probable cause to arrest appellant at the time he made the search? (*People* v. *Ingle,* 53 Cal.2d 407, 413 [2 Cal.Rptr. 14, 348 P.2d 577].) There was probable cause to make the arrest.

█ Mrs. Rosales looked through several photographs at the police station after the robbery. She selected a picture of appellant as a picture of the man who had committed the robbery. At the trial the prosecution introduced into evidence a picture (similar to the one selected by Mrs. Rosales) of appellant. Mrs. Rosales testified that the picture of appellant depicted him the way he looked when he pointed the gun at her. Appellant now asserts that the picture was irrelevant. Mrs. Rosales identified the picture of appellant shortly after the robbery and the element of time of identifying appellant is of probative value. (*People* v. *Hurley,* 151 Cal.App.2d 339, 342 [311 P.2d 49].) Appellant had a mustache in the picture and on the day of the robbery. At the trial he did not have a mustache. (See *People* v. *Cullen,* 37 Cal.2d 614, 626 [234 P.2d 1]; *People* v. *Ford,* 175 Cal.App.2d 109 [345 P.2d 573].)

In any event, there could have been no prejudice to appellant for the photograph merely shows appellant in a front and side view with a Los Angeles Police Department number and a booking number. The picture presumably was taken after appellant's arrest for the robbery and nothing therein indicated that appellant had been in state prison. Appellant, in his testimony, admitted to his conviction of three felonies, burglary in 1949, a narcotics offense (possession of heroin) in 1955 and burglary in 1960. (*People* v. *McKinley,* 2 Cal.2d 133, 134-135 [39 P.2d 411].)

█ Appellant's last contention is that he was improperly referred to as an ''ex-convict'' or an ''ex-con'' in the prosecutor's closing argument.[2] As heretofore pointed out, appel-

---

[2] ''Ladies and gentlemen of the jury, I would just state to you in answer, further answer to the argument, consider all the evidence as a whole. It was said that this is a reasonable thing for the defendant to have done when he took the gun for this so-called Bobby. Further, that it was reasonable to help this friend. The defendant said he was this man's acquaintance, that he saw him four times. Here is a man who is convicted of a felony three times. He is an ex-convict. He is going to take possession of a gun, an ex-con with a gun for the protection of someone else whom there is no evidence is an ex-con?

''MR. GESSLER: I will object to the term 'ex-con.'

''THE COURT: The objection is sustained.

''The jury is admonished to disregard it. The jury will be instructed that the prior convictions of felonies is to be considered on the issue of credibility as a witness, that is, whether or not you would believe his testimony under oath.

''MR. MARIN: So I would ask you ladies and gentlemen to consider

lant testified that three times previously he had been convicted of a felony and on direct examination he testified that he had been in the penitentiary. In any event, it is inconceivable that there was any damage to appellant under the circumstances. (See *People* v. *Klor,* 32 Cal.2d 658, 662-664 [197 P.2d 705], cert. denied 336 U.S. 920 [93 L.Ed. 1082, 69 S.Ct. 642].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 25, 1967.

the evidence again as a whole. Put all these things together and come to what you consider to be the right, just conclusion in this case, and I would submit to you that the evidence certainly shows beyond a reasonable doubt if not beyond all doubt that the defendant was the man that committed this robbery when he pointed that gun at Mrs. Rosales and said, 'This is a stickup. Give me your money.' "