[Crim. No. 3196. Fourth Dist., Div. Two. Jan. 17, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. LESLIE WAYNE ROWDEN, Defendant and Appellant.

Thomas J. Keenan, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and Lawrence Kenneth Keethe, Deputy Attorneys General, for Plaintiff and Respondent.

FOGG, J. pro tem.*—An information was filed on October 14, 1966, by the District Attorney of Orange County charging defendant with the crime of robbery (Pen. Code, § 211) alleged to have been committed on September 23, 1966. The public defender was appointed to represent defendant, and he entered a plea of not guilty. A jury trial was set for November 30, 1966.

On November 18, 1966, defendant made a motion to relieve the public defender as his counsel which was granted. The trial court found that defendant had competently and intelligently waived his right to counsel and the trial was reset for January 9, 1967, after defendant had waived the statutory time for trial. On the latter date defendant failed to appear for trial, and a bench warrant was issued. In the meantime, defendant had been tried and convicted of armed robbery in Los Angeles County and was sentenced to state prison in that county on January 11, 1967. Defendant wrote the trial court in June 1967 requesting dismissal of the charge pending against him by reason of the information filed herein. On July 19, 1967, defendant appeared in the trial court, without counsel, and his motion to dismiss was denied. The public defender was appointed to represent defendant again, and the case was set for trial on August 21, 1967. The trial was later continued to October 16, 1967, but defendant failed to appear for trial, bail was ordered forfeited, and a bench warrant issued. On November 10, 1967, the public defender was relieved due to conflict of interest, and attorney Thomas J. Keenan was appointed to represent defendant. On November 13, 1967, defendant's petition for a writ of mandamus and/or prohibition, which had been filed July 19, 1967, was denied. On his additional plea of once in jeopardy, which was entered December 8, 1967, the trial court on December 11, 1967, ruled against the defendant.

Defendant's trial before a jury commenced on December 11, 1967, and he was convicted by the jury on December 12, 1967, of robbery in the first degree.

Defendant's motion for a new trial was denied, and after denial of probation, he was sentenced to state prison for the term prescribed by law, the sentence to run concurrently with any sentence he was then serving. From this judgment, defendant appeals.

Defendant makes the following contentions on appeal: (1)

---

*Assigned by the Chairman of the Judicial Council.

his right to a speedy trial, guaranteed by (a) Penal Code, section 1382, and (b) the Sixth Amendment was violated; (2) Penal Code, section 1381, is unconstitutional because it violates defendant's right against self-incrimination, guaranteed by the Fifth Amendment.

■ We find no merit in defendant's contention that Penal Code, section 1381, is unconstitutional because it required him to incriminate himself by bringing to the attention of the authorities that an information was pending against him.

Section 1381, Penal Code, provides in part as follows: "Whenever a defendant has been convicted, in any court of this state, of the commission of a felony . . . and has been sentenced to and has entered upon a term of imprisonment in a state prison . . . , and at the time of the entry upon such term of imprisonment . . . there is pending in any court of this State, any other . . . information . . . charging such person with the commission of any crime it is hereby made mandatory upon the district attorney of the county in which such charge is pending to bring the same to trial within 90 days after such *person* shall have delivered to said district attorney written notice of the place of his imprisonment . . . and his desire to be brought to trial upon said charge. . . ."

It has been held that the privilege against self-incrimination relates only to "testimonial compulsion." (*People* v. *Duroncelay,* 48 Cal.2d 766, 770 [312 P.2d 690].) Also in *Schmerber* v. *California,* 384 U.S. 757, 761 [16 L.Ed.2d 908, 914, 86 S.Ct. 1826, 1830], the Supreme Court held that ". . . the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature, . . . ."

■ We fail to see how it can be argued logically that by directing attention to the fact that there was a pending, unsettled criminal charge against him, the defendant was compelled to give evidence against himself. Defendant already stood charged with this robbery; he had pleaded not guilty; and the only thing that remained to be done was to bring him to trial or to dismiss the charge. He was already in custody, and the statute merely gave him the choice of forcing this case to trial within 90 days or waiting until his release from prison for trial. Although he did not specifically indicate "his desire to be brought to trial" within the context of the statutory language, he did request dismissal of the pending charge. This, in our opinion, was tantamount to asking for a trial.

Counsel for defendant does not argue, however, that his client's "request" should not have been deemed to be a notification to the district attorney that defendant desired to be brought to trial. Instead he urges that section 1381, *supra,* forced defendant to make the choice which he made, and that this "statutory duress" rendered the statute unconstitutional. We do not agree that this statute forced defendant to notify the district attorney; it merely compelled this official to afford defendant a speedy trial if he requested it.

In *People* v. *Godlewski,* 22 Cal.2d 677, 684 [140 P.2d 381], the Supreme Court held that section 1381, *supra,* did not abrogate the constitutional guarantee of a speedy trial but merely regulated it.

The decisions of the United States Supreme Court dealing with problems arising under the Fifth Amendment, which are cited in defendant's brief, have no application to the facts of the case under review. In *Marchetti* v. *United States,* 390 U.S. 39 [19 L.Ed.2d 889, 88 S.Ct. 697]; *Grosso* v. *United States,* 390 U.S. 62 [19 L.Ed.2d 906, 88 S.Ct. 709]; and *Haynes* v. *United States,* 390 U.S. 85 [19 L.Ed.2d 923, 88 S.Ct. 722], the requiring of registration of professional gamblers and of firearms was held to be unconstitutional as a violation of the privilege against self-incrimination in that the information obtained was readily available to law enforcement agencies for the institution of criminal proceedings. However, in this case the criminal prosecution of defendant had already commenced by the filing of the information and the mere act of the defendant requesting dismissal did not in any way "provide a material link in the chain of his prosecution" in violation of the rule in *Malloy* v. *Hogan,* 378 U.S. 1, 13 [12 L.Ed.2d 653, 662, 84 S.Ct. 1489, 1496], as contended by defendant.

In addition, defendant has failed to overcome the presumption of constitutionality of section 1381 of the Penal Code. (*People* v. *Aguiar,* 257 Cal.App.2d 597, 601 [65 Cal.Rptr. 171].) We conclude, therefore, that this statute does not violate the Fifth Amendment.

 Section 1382, Penal Code, provides in part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . . 2. When a defendant is not brought to trial . . . within 60 days after the . . . filing of the information. . . ." Defendant cannot properly complain that his right under section 1382, *supra,* to a speedy trial was violated because this statute is inapplicable where the defendant is already serving time for

another offense as in the case at bench. (See *People* v. *Ragsdale,* 177 Cal.App.2d 676, 678 [2 Cal.Rptr. 640]; *Osmulski* v. *Superior Court,* 169 Cal.App.2d 444, 445 [337 P.2d 520].)

Section 1381, *supra,* therefore, is the applicable statute in this situation. In checking the record, we note that the written notice or request was given by defendant in June 1967, and the case was set for trial on August 21, 1967, well within the 90 days required by this statute. Later, of course, the trial was continued to October 16, 1967. Thereafter, this case was again set for trial on December 11, 1967, and the trial proceeded on that date without objection by defendant. ▆▆ Since no objection was made at the trial on the ground that defendant was not speedily brought to trial, it is now too late to raise that question for the first time on appeal. (*People* v. *Ragsdale, supra,* at p. 678; citing *People* v. *Jordan,* 45 Cal.2d 697, 708 [290 P.2d 484].)

▆▆ Defendant's further contention that his right to a speedy trial as guaranteed to him by the Sixth Amendment was violated is also without merit.

In the recent case of *Harrison* v. *United States,* 392 U.S. 219 [20 L.Ed.2d 1047, 88 S.Ct. 2008], the Supreme Court rejected a contention of denial of a speedy trial and approved the following language of the Court of Appeal found at 387 F.2d 203, 206-207: "The contention that appellants' Sixth Amendment right to a speedy trial has not been respected is predicated broadly upon the six-year lapse between the homicide and the third trial, but for this purpose we cannot treat litigation spans in a vacuum. 'There is no touchstone of time which sets a fixed maximum period that automatically requires application of the Sixth Amendment and dismissal of the indictment.' Rather, '[t]he right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' So in determining whether the delay complained of assumes constitutional proportions, we examine the circumstances closely to ascertain whether it was 'arbitrary, purposeful, oppressive or vexatious.'" The foregoing quotation is also cited in *People* v. *Lilliock,* 265 Cal.App.2d 419, 436 [71 Cal.Rptr. 434].

It is apparent from a careful inspection of the records herein that any delay in this trial was not due to any "arbitrary, purposeful, oppressive or vexatious" causes. We, therefore, reject defendant's claim that his right to a speedy trial under the federal Constitution was violated. Although

the point is not raised by defendant, we likewise would reject any such contention under the similar provision or guarantee of our State Constitution (art. I, § 13).

■ Assuming, *arguendo,* that defendant was not accorded a speedy trial in that his alibi witness, Mrs. Featherstone, was unavailable to testify in defendant's behalf in December 1967, but was present in court on August 23, 1967, it cannot be maintained that defendant was prejudiced by such delay. Six alibi witnesses did, in fact, testify for defendant to about the same facts as Mrs. Featherstone would have done.

The judgment is affirmed.

McCabe, P. J., and Tamura, J., concurred.

A petition for a rehearing was denied February 7, 1969.