[S.F. No. 23240. In Bank. May 28, 1975.]

HENRY L. CROCKETT et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Sheldon Portman, Public Defender, C. Randall Schneider, Deputy Public Defender, Singleton & Brown and Craig Brown for Petitioners.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, John T. Murphy, Kenneth C. Young and James M. Lee, Deputy Attorneys General, for Respondent and for Real Party in Interest.

## OPINION

**WRIGHT, C. J.**—Petitioners Henry L. Crockett and Beverly Ann Crockett, alleging denial of their constitutional right to a speedy trial, seek a writ of mandate to compel the dismissal of robbery charges (Pen. Code, § 211) pending against them in respondent court.[1] We conclude for reasons hereinafter discussed that petitioners have not been denied a speedy trial and accordingly reject the petition and discharge the alternative writ.[2]

On July 20, 1973, petitioners were charged by information filed in Santa Clara County with the commission of two robberies in that county. On that same day they were arrested in Alameda County for several crimes allegedly committed in that county. On October 5 petitioners pleaded guilty to one of the charges in Alameda County and were placed on probation. One of the conditions of probation was that each serve six months in the county jail with credit being allowed for time theretofore spent in custody.

While petitioners were incarcerated in Alameda County and pursuant to the provisions of section 1381, each made demand on the District Attorney of Santa Clara County for a speedy trial of charges pending

---

[1] Unless otherwise expressly provided all statutory references are to sections of the Penal Code.

[2] Petitioners are presently charged by information in count 1 with the commission of a robbery while armed with a deadly weapon. (See §§ 211, 12022.) It is further alleged that petitioner Henry Lee Crockett inflicted great bodily injury on the victim of the robbery. (See § 213.) A second robbery alleged in count 2 has been dismissed and is not now in issue. (See fn. 5, *infra.*) It is also alleged in count 3 that Henry Lee Crockett is guilty of a violation of section 459 (burglary). Several of the same violations were charged in an earlier information as will hereinafter appear.

there.[3] Such demands were received by the district attorney on or about November 7.[4] In December petitioners completed their time in jail in Alameda County and were then taken into custody by law enforcement officials of Santa Clara County where they were held to answer on the pending charges in that county. They were arraigned on February 5, 1974, and trial was set for March 27.

On March 22, some 5 days prior to the date set for trial, petitioners moved for the dismissal of the pending charges on the ground that more than 90 days had elapsed since the demands had been received by the district attorney (§ 1381). The motion was granted by the respondent court and the pending charges were dismissed.

Petitioners were rearrested on March 27 on a new complaint charging the commission of the same robberies and a burglary which had been included in the prior information. After being held to answer they were arraigned on the current information. (See fn. 2, *supra*.) On May 20 they again moved to dismiss the charges on the ground that they had been denied a speedy trial.[5] After the motion was denied on June 3 the instant proceedings were commenced by petitioners.

---

[3]Section 1381 provides in pertinent part that a defendant who is serving jail time of more than 90 days and who, at the time of commencement of his incarceration, was charged with the commission of another crime, may make demand upon the district attorney of the county wherein the charges are pending and such district attorney must "bring the same to trial within 90 days after [the defendant] shall have delivered to the said district attorney written notice of the place of his imprisonment or commitment and his desire to be brought to trial upon said charge. . . . In the event such action is not brought to trial within the 90 days as herein provided the court in which such charge is pending must, on motion . . . of the defendant . . . , or on its own motion, dismiss such charge. . . ."

[4]The record before us does not include a copy of the demands. It appears that while petitioners were incarcerated in Alameda County a second complaint was filed in Santa Clara County charging Henry Lee Crockett with the commission of a burglary in addition to the two robberies earlier charged. Petitioners state in their petition for the writ that the burglary violation "is not a subject of this petition."

[5]Petitioners also contended that prosecution for the robbery charged in count 2 of the information was barred by section 654 on the ground that they had already been convicted in Alameda County for receiving the very stolen property (§ 496) as that taken from the victim as charged in Santa Clara County in count 2. Section 654 provides in part that "an acquittal or conviction and sentence under either [of different ways in which an act or omission may be punished] bars a prosecution for the same act or omission under any other." (See *People* v. *McFarland* (1962) 58 Cal.2d 748, 760 [26 Cal.Rptr. 473, 376 P.2d 449]; *People* v. *Tatum* (1962) 209 Cal.App.2d 179, 186 [25 Cal.Rptr. 832].) The court agreed with petitioners' contention and dismissed the robbery charge set out in count 2. That order of dismissal is now final.

Section 1387 provides that an order of dismissal of a criminal charge is not "a bar to any other prosecution for the same offense . . . if it is a felony." Included in such orders of dismissal are those granted by reason of the fact that the defendant was not brought to trial within statutory time limits. Although the right to a speedy trial is grounded in both the United States and California Constitutions (*Barker* v. *Wingo* (1972) 407 U.S. 514 [33 L.Ed.2d 101, 92 S.Ct. 2182]; *Sykes* v. *Superior Court* (1973) 9 Cal.3d 83, 88 [106 Cal.Rptr. 786, 507 P.2d 90]) the timely refiling of charges once dismissed for denial of a speedy trial has been deemed constitutionally permissible absent a showing by the accused of actual prejudice. (*People* v. *Williams* (1969) 71 Cal.2d 614, 622-623 [79 Cal.Rptr. 65, 456 P.2d 633]; *Barker* v. *Municipal Court* (1966) 64 Cal.2d 806, 812-813 [51 Cal.Rptr. 921, 415 P.2d 809]; *People* v. *Wilson* (1963) 60 Cal.2d 139, 154 [32 Cal.Rptr. 44, 383 P.2d 452]; *People* v. *Stuart* (1970) 3 Cal.App.3d 817, 822-823 [83 Cal.Rptr. 841].)

The rule that the burden is on the accused to show prejudice when an information has been refiled or a new indictment has been found must be distinguished from the rule which is applicable to the motion which results in the dismissal of charges for failure of the People to comply with the terms of section 1382. We have stated that in the latter circumstances "A dismissal is thus mandated in those situations covered by the statute if, at the time a defendant moves therefor, the [statutory] period has elapsed and good cause for the delay is not shown by the prosecution. In these circumstances the defendant is not required to make any further showing, and in particular he is not required to make any affirmative showing that he has been prejudiced by the delay. [Citations.]" (*Sykes* v. *Superior Court, supra,* 9 Cal.3d 83, 88-89.)

When, however, as in the instant case the court has granted a motion for dismissal of the charges and the People are not otherwise precluded from refiling new charges pursuant to section 1387, the defendant is burdened with the obligation to demonstrate that he is prejudiced if he is to forestall the cause from proceeding to trial. (*People* v. *Williams, supra,* 71 Cal.2d 614, 623.) *Sykes* dealt only with the placing of the burden of justification for delay *prior* to dismissal based upon the ground of denial of a speedy trial; it did not in any way alter the accused's burden of demonstrating prejudice if he is required to respond to a new information or indictment recharging the same offense or offenses. (See *Bellizzi* v. *Superior Court* (1974) 12 Cal.3d 33, 38 [115 Cal.Rptr. 52, 524 P.2d 148].) If such accused cannot show that he has been prejudiced and the People are not barred by limitations applicable to the filing of an

information or the presentment of an indictment (see § 800), the rule is that the statutory time period within which to bring a defendant to trial starts to run anew. (See *People* v. *Godlewski* (1943) 22 Cal.2d 677, 683 [140 P.2d 381]; *People* v. *Stuart, supra,* 3 Cal.App.3d 817, 822-823.)

■ Petitioners urge defects of constitutional dimensions in the rule requiring an accused to demonstrate prejudice if he is to escape prosecution under charges filed pursuant to section 1387. They argue that because the right to a speedy trial is mandated in our state Constitution a dismissal of charges based on a denial of a speedy trial pursuant to section 1381 constitutes a recognition of at least a prima facie denial of constitutional rights; that in reasserting the charges the burden of showing good cause should be on the People who were responsible for the withdrawal of the constitutional protection rather than placing the burden on the accused to demonstrate prejudice.

In *Sykes* v. *Superior Court, supra,* 9 Cal.3d 83, we stated: "In our view section 1382 constitutes a legislative endorsement of dismissal as a proper judicial sanction for violation of the constitutional guarantee of a speedy trial and as a legislative determination that a trial delayed more than 60 days is prima facie in violation of a defendant's constitutional right." (*Id.* at p. 89.) *Sykes* involved the applicability of section 1382 in a situation not expressly covered by that or any other statute. As distinguished from section 1381 which provides for the 90-day period in which to bring an incarcerated defendant to trial after demand therefor, section 1382 requires that the trial of an accused charged with the commission of a felony be commenced within 60 days after the filing of criminal charges or the occurrence of other particular events necessitating a retrial of such charges. In the absence of specific statutory coverage we applied in *Sykes* the self-executing constitutional provision and held that the accused was entitled to the dismissal of criminal charges which were not brought to trial within the 60-day period. We recognized that judicial interpretations have resulted in aligning the meaning of the constitutional provision with statutory provisions in those situations wherein the Legislature has made specific rules.[6] In *Harris* v. *Municipal Court* (1930) 209 Cal. 55 [285 P. 699], for instance, we stated that the

---

[6]In addition to looking to statutory provisions in interpreting the California constitutional provision, we also held there was "an even more compelling reason than their parallel interpretations for giving similar meanings to our constitutional and statutory provisions." (*Sykes* v. *Superior Court, supra,* 9 Cal.3d 83, 92.) That reason was the mandate of equal protection which required the parallel resolution of a speedy trial violation in a situation which, although not specifically provided for by statute, could not be distinguished on reasonable grounds from a situation specifically provided for by statute. (*Id.*)

Legislature "by necessary inference has said that a trial delayed more than sixty days without good cause is not a speedy trial, and the courts have not hesitated to adopt and enforce the legislative interpretation of the constitutional provision." (*Id.* at p. 61; see also *Sykes* v. *Superior Court, supra,* 9 Cal.3d 83, 89-91, fn. 7.)

In recognizing that we have looked to legislative enactments to construe and give meaning to our constitutional provision for a speedy trial, we hold that petitioners are bound by the interpretations which have been or must be given to those enactments. It is clear that the Legislature intends that in appropriate circumstances the state may refile and pursue charges against an accused which had theretofore been dismissed pursuant to sections 1381, 1381.5 [demand for trial by accused incarcerated in a federal prison] or 1382. (§ 1387.) No distinction has heretofore been made merely because the initial dismissal was mandated by section 1381 (see *People* v. *Godlewski, supra,* 22 Cal.2d 677) as distinguished from section 1382 (see *People* v. *Williams, supra,* 71 Cal.2d 614, 622-623). Section 1387 purports to provide for the refiling of any charge theretofore dismissed "as provided in this chapter" which, of course, includes charges dismissed pursuant to section 1381 and section 1382.

Section 1387 does *not* provide, as petitioners would have us construe it, that as a condition for refiling a charge the People must be ready to demonstrate, whatever the reason for the prior dismissal, good cause for the delay which resulted in that dismissal. To so burden the People would in fact render section 1387 meaningless at least in those instances of prior dismissals pursuant to section 1382. As previously noted the latter mentioned section provides that when an accused is not brought to trial within 60 days the charges must be dismissed "unless good cause to the contrary be shown." (See *Harris* v. *Municipal Court, supra,* 209 Cal.2d 55, 61.) Thus we can assume that only those charges as to which the prosecution is unable to show good cause for the delay in prosecution are initially dismissed. It is manifest that the Legislature did not intend to grant to the People a right to refile charges which had been dismissed and at the same time require an automatic dismissal of such refiled charges because of the identical absence of a showing of good cause which brought about the original dismissal. Once the prosecution has suffered such a dismissal pursuant to section 1382, if otherwise not precluded from doing so, it may refile the previously dismissed charges without being required to meet the burden of explaining its delay which triggered the dismissal in the first instance.

Unlike section 1382, sections 1381 and 1381.5 do not provide that the prosecution may avoid dismissal for failure to bring an accused to trial within the statutory period if good cause for the delay can be demonstrated.[7] However, that does not alter the effect of section 1387 which was enacted by the Legislature so as to be applicable in an even-handed manner in the case of all dismissals within its purview and no exception in the case of dismissals pursuant to section 1381 or 1381.5 was intended.

As the California constitutional requirement that an accused be accorded a speedy trial is to be construed in accordance with the legislative provisions in supplement thereof, there is no constitutionally compelled burden to show good cause imposed on the state at the time of refiling of criminal charges dismissed pursuant to the provisions of section 1381. As previously stated, however, such refiled charges must also be dismissed if the accused can show he is prejudiced by reason of the delay.[8]

Petitioners have demonstrated no cognizable prejudice by the delays which occurred prior to their arraignment on the instant information. First, there was no extended delay beyond the 90-day period for which the People are accountable and from which prejudice might be presumed. (Cf. *Barker* v. *Municipal Court, supra,* 64 Cal.2d 806, 812-813.) The actual delay between November 7, 1973, the day demands were made on the district attorney, and May 20, 1974, the day the motion to dismiss the charges was filed, was 194 days. In entertaining the motion to dismiss the charges alleged in the instant information the respondent court expressly found that petitioners had delayed the filing of their motion to dismiss the charges contained in the first information from

---

[7] We are unable to explain on any reasonable ground what appears to be an inconsistency in the legislative treatment in providing for a mandatory dismissal of criminal charges because of trial delay when the accused is incarcerated by reason of a previous conviction or convictions. The additional time allowed the prosecution in bringing a previously incarcerated defendant to trial would appear to be necessary because of possible difficulties such as defendant being in custody in a remote jurisdiction. The allowance of the additional time would not appear to be sufficient reason for a mandatory dismissal even when good cause can be shown for the delay.

[8] Petitioners do not purport to rely on federal constitutional rights to a speedy trial as grounds for requiring the state to show good cause for a delay in bringing an accused to trial. If such a delay has resulted in prejudice to a defendant within the meaning of the ad hoc balancing test for determining whether a speedy trial has been denied (see *Barker* v. *Wingo, supra,* 407 U.S. 514, 530-533 [33 L.Ed.2d 101, 116-119]), the refiled charges must be dismissed on federal constitutional grounds. (See *Sykes* v. *Superior Court, supra,* 9 Cal.3d 83, 90-91, fn. 8.)

February 5 to March 22, 1974 (45 days).[9] Further, after the initial motion was granted and petitioners were rearrested on March 27 on a new complaint they again delayed until May 20 (an additional 55 days) to move for dismissal of the charges set forth in the instant information. Thus, 100 of the 194 days elapsing after the demands are directly chargeable to petitioners.

The respondent court further found that although the district attorney was responsible for the failure to bring the matter to trial during the statutory 90-day period it was not unreasonable for him prior to receipt of petitioners' demands to have refrained from pursuing a prosecution which was parallel to one being carried on in Alameda County.[10] The prosecutorial delays in the instant case are thus not of the nature for which a presumption of prejudice arises (see *People* v. *Stuart, supra,* 3 Cal.App.3d 817; cf. *People* v. *Hughes* (1974) 38 Cal.App.3d 670 [113 Cal.Rptr. 508]) and the total delay attributable to the People's neglect is merely a circumstance among others from which actual prejudice must be demonstrated if petitioners are to prevail.

Petitioner Henry Lee Crockett claimed actual prejudice in the respondent court by reason of his inability to locate alibi witnesses but he` failed to state any particular facts which permit a determination that such witnesses even exist. He has not further supported that claim in these proceedings.

In the respondent court both petitioners claimed that the delay had prevented them from accruing credit for time served in concurrent sentences should they be convicted of the instant charges. The trial court noted that if such occurred the sentencing court in Santa Clara County "could well—and should—take this matter into consideration, and would

---

[9]Findings of accountability for the elements of the delay and other particular matters were made by the court and set forth in a "Memorandum of Decision." We deem these findings to be conclusive when, as here, they are supported by substantial evidence.

[10] In this regard the court expressly found: "In the instant case the record clearly shows that Alameda County pursued its prosecution in a timely fashion and, as a practical matter, it would have been virtually impossible for the District Attorney in this county to have pursued a parallel prosecution. The transportation of the defendants to and from Alameda County facilities and the Santa Clara County facilities to meet their differing and individual court dates would have been onerous to all parties. Any trial court with experience in handling an ongoing prosecution at the same time the defendant is pending charges in another county knows the frustrations and the difficulty caused thereby. For this reason I have no problem in finding that, negligent or not, the District Attorney in Santa Clara County was justified in postponing his prosecution until the Alameda County prosecution was terminated by sentence on October 29, 1973."

have to give the defendants credit for their time served while awaiting trial here." It appears, moreover, that even had the People complied with the provisions of section 1381 petitioners would have served the short Alameda County sentences well in advance of the time when sentence could have been imposed for the Santa Clara County offenses. No prejudice thus appears.

Petitioner Beverly Ann Crockett contends that she is prejudiced because the delay has precluded her from fully investigating the accuracy of the statements of a victim of the alleged robbery which connect her personally to the crime. There is, however, no showing whatsoever that the victim or others who might refute such statements are now or were at the time the current information was filed unavailable or that petitioner cannot now or could not at the time the information was filed investigate the matter fully and effectively.

On balance there is no showing of cognizable prejudice sufficient to compel the dismissal of the charges and permit petitioners to escape prosecution. (See *Bellizzi* v. *Superior Court, supra,* 12 Cal.3d 33, 38.) The showing of actual prejudice which the law requires must be supported by particular facts and not, as in this case, by bare conclusionary statements.

The petition for the writ is denied and the alternative writ is discharged.

McComb, J., Sullivan, J., Clark, J., and Richardson, J., concurred.

**MOSK, J.**—I dissent.

The Court of Appeal reached the correct conclusion for reasons which appear to me to be irrefutable. I therefore adopt as my dissent the opinion (other than the final sentence) written by Justice Elkington and concurred in by Presiding Justice Molinari and Justice Sims:

We issued our alternative writ of mandate to the Santa Clara County Superior Court for the purpose of determining whether petitioners have been denied their constitutional right to a speedy trial of felony charges pending against them in that county. At issue is the validity of an order of the superior court denying their motion for dismissal of the charges.

While petitioners were confined in an Alameda County jail awaiting trial on felony charges in that county, a complaint was filed July 20, 1973,

in a Santa Clara County municipal court charging them with robbery and other offenses. Following conviction and sentence in the Alameda County proceedings and their continued incarceration in that county's jail, they delivered notice, on November 7, 1973, to the Santa Clara County prosecutor of their desire to be brought to trial on that county's charges. The notice was delivered in accordance with Penal Code section 1381, which as relevant here, provides: "Whenever a defendant has been convicted, . . . and has been sentenced to and has entered upon a term of imprisonment . . . and at the time of the entry upon such term of imprisonment . . . there is pending, in any court of this state, any other indictment, information, [or] complaint . . . the district attorney of the county in which such matters are pending shall bring the same defendant to trial . . . within *90 days* after such person shall have delivered to said district attorney written notice of . . . his desire to be brought to trial . . . . In the event that the defendant is not brought to trial . . . within the 90 days as herein provided the court in which such charge . . . is pending must, on motion . . . of the defendant . . ., dismiss such action. . . ." (Italics added.)

On December 29, 1973, petitioners, their Alameda County sentences having been served, were brought to Santa Clara County where, following appropriate municipal court proceedings, they were on February 15, 1974, arraigned in the superior court *100 days after delivery of their Penal Code section 1381 notice.* On that day the Santa Clara County charges were set to be tried on March 27, 1974.

Thereafter, March 26, 1974, on petitioners' motion the superior court dismissed the pending charges on account of the People's failure to bring them to trial within 90 days. The prosecution thereupon rearrested and recharged petitioners for the same felony offenses as had been the subject of the earlier charges and dismissal.

The new proceedings were instituted on the authority of Penal Code section 1387, which provides: "An order for the dismissal of the action, made as provided in this chapter [which chapter includes § 1381], is a bar to any other prosecution for the same offense if it is a misdemeanor, *but not if it is a felony.*" (Italics added.)

On June 3, 1974, petitioners' motion to dismiss the reestablished charges on grounds of unconstitutional denial of their right to a speedy trial was denied by the superior court. The instant mandate proceedings followed.

We first discuss some considerations, not here in dispute, but nevertheless relevant to our determination of the problem presented.

On petitioners' motion to dismiss the refiled charges, the People neither made, nor attempted, any showing of good cause or justification for their failure to bring them to trial in the earlier proceedings within the statutory 90-day period.

Section 1381 is one of several Penal Code sections declaratory of the constitutional right to a speedy trial. Such statutes are " 'supplementary to and a construction' of the Constitution." (*Barker* v. *Municipal Court,* 64 Cal.2d 806, 812 [51 Cal.Rptr. 921, 415 P.2d 809]; *People* v. *Wilson,* 60 Cal.2d 139, 145 [32 Cal.Rptr. 44, 383 P.2d 452].) The companion statutes are section 1381.5, concerning the right of a federal prisoner to timely trial on state charges, and section 1382, providing generally for trial on felony charges within 60 days of the filing of the indictment or information. Section 1382 provides for dismissal for failure to comply, "unless good cause to the contrary is shown." While sections 1381 and 1381.5 contain no similar clause, it is established that a satisfactory showing of "good cause to the contrary" will defeat a dismissal under those sections also; this is so because " '[w]hat is a speedy trial in the constitutional sense . . . depends on the circumstances of each case bearing on . . . *good cause' for the delay* in bringing a defendant to trial. . . ." (Italics added.) (*Barker* v. *Municipal Court, supra,* p. 812; *In re Lopez,* 39 Cal.2d 118, 120 [245 P.2d 1]; see also *Pollard* v. *United States,* 352 U.S. 354, 361 [1 L.Ed.2d 393, 399, 77 S.Ct. 481]; *People* v. *Superior Court (Mahle)* 3 Cal.App.3d 476, 487 [83 Cal.Rptr. 771].)

As noted, Penal Code section 1387 provides that dismissal of a felony charge under sections 1381, 1381.5 or 1382 is not "a bar to any other prosecution for the same offense . . . ." But it does not preclude the accused from asserting that he has been denied his constitutional right to a speedy trial for the offense in question. (*Bellizzi* v. *Superior Court,* 12 Cal.3d 33, 38 [115 Cal.Rptr. 52, 524 P.2d 148].)

And we observe that an accused may waive his right to the statute's timely trial by his failure to object to a trial date beyond the statutory period. (*People* v. *Robinson,* 266 Cal.App.2d 261, 264 [72 Cal.Rptr. 33]; *Dulsky* v. *Municipal Court,* 242 Cal.App.2d 288, 290-291 [51 Cal.Rptr. 381]; *People* v. *Vigil,* 189 Cal.App.2d 478, 480 [11 Cal.Rptr. 319].) Here petitioners, 100 days after delivery of their section 1381 notice, made no objection to the date set for the trial. But it is now established that such a

failure to object, *after the statutory period has run,* does not constitute such a waiver. (*Sykes* v. *Superior Court,* 9 Cal.3d 83, 93-94 [106 Cal.Rptr. 786, 507 P.2d 90]; *People* v. *Wilson, supra,* 60 Cal.2d 139, 146-148.) Accordingly, petitioners may not be deemed to have waived their right to trial within the specified 90-day period.

We come now to the disputed issues of the proceedings before us.

The trial court, in the ruling here under consideration, found petitioners to have suffered no "substantial prejudice in the delay" in bringing them to trial on the charges of the first complaint. Relying principally on *Jones* v. *Superior Court,* 3 Cal.3d 734, 740 [91 Cal.Rptr. 578, 478 P.2d 10], the People argue that absent such a showing of "prejudice," the ruling of that court must be sustained.

We have concluded, under the later authority of *Sykes* v. *Superior Court, supra,* 9 Cal.3d 83, that the People's contention is untenable.

Ordinarily, an insubstantial delay in bringing an accused to trial is not violative of constitutional strictures unless the accused, himself, shall show prejudice. But where the delay is *extended,* the burden of establishing the absence of prejudice is placed upon the People. The latter rule is expressed by *Barker* v. *Municipal Court, supra,* 64 Cal.2d 806, 812, in this manner: "When there has been an *extended delay* in bringing a defendant to trial, 'it is not necessary that the party accused affirmatively show prejudice. . . . It is enough for the defendant to show that the prosecution has been unreasonably delayed. It will not be presumed that good cause for the delay in fact existed. *If there was any good cause it was for the prosecution to show it.'* . . ." (Italics added.)

*Sykes* v. *Superior Court, supra,* 9 Cal.3d 83, 89, has pointed up a refinement of the foregoing rule. Where the Legislature has implemented the speedy trial provisions of the state and federal Constitutions by statutes such as Penal Code sections 1381, 1381.5 and 1382, the failure of the People to observe the statutory time limits for bringing a criminal case to trial *"is prima facie in violation of a defendant's constitutional right."* (Italics added.) When such a prima facie showing is made by the accused, the burden of establishing good cause for the delay must be borne by the People. Considerations whether the delay is "extended" become irrelevant.

It may well be that the delay in bringing petitioners to trial was not an extended one, and that the probability of resultant prejudice to them was

slight. But in such a case the burden resting on the People is not necessarily an onerous one. Good cause for delay in a criminal trial depends upon the circumstances of the case. (*Caputo* v. *Municipal Court,* 184 Cal.App.2d 412, 418 [7 Cal.Rptr. 435]; *Herrick* v. *Municipal Court,* 151 Cal.App.2d 804, 807 [312 P.2d 264].) Such good cause for a trial beyond the statutory period has been found where a witness was unavailable due to illness. (*People* v. *Bracamonte,* 253 Cal.App.2d 980, 983, 984 [61 Cal.Rptr. 830]), the trial judge became ill (*People* v. *Camilo,* 69 Cal. 540 [11 P. 128]), the trial court's calendar was congested (*People* v. *Weiss,* 50 Cal.2d 535, 559 [327 P.2d 527]; *In re Lopez,* 39 Cal.2d 118, 120 [245 P.2d 1]; *People* v. *Bryant,* 5 Cal.App.3d 563, 571 [85 Cal.Rptr. 388]; *People* v. *McFarland,* 209 Cal.App.2d 772, 776 [26 Cal.Rptr. 596]), a witness through no lack of prosecutorial diligence was unavailable (*Pickett* v. *Municipal Court,* 12 Cal.App.3d 1158, 1162-1163 [91 Cal.Rptr. 315]), and multiple defendants were granted separate trials (*People* v. *Chapman,* 261 Cal.App.2d 149, 158-159 [67 Cal.Rptr. 601]; *People* v. *Moran,* 144 Cal. 48, 56-57 [77 P. 777]). Of course, as we have suggested, where delay may fairly be attributed to the defendant (*People* v. *Bryant,* 5 Cal.App.3d 563, 571 [85 Cal.Rptr. 388]; *Dulsky* v. *Municipal Court, supra,* 242 Cal.App.2d 288, 290-292), or his attorney (*People* v. *Snyder,* 276 Cal.App.2d 520, 524 [80 Cal.Rptr. 822]; *People* v. *Santos,* 134 Cal.App. 736, 744 [26 P.2d 522]), good cause for such delay is shown. And where, as here, preliminary proceedings in the municipal court (see Pen. Code, § 738) are necessary in bringing the case to trial, delays caused by the defendant in that court must reasonably be charged against him.

We are unpersuaded by petitioners' argument that the People were under a duty to promptly try the Santa Clara County charges while they were in the Alameda County jail, even had there been no Penal Code section 1381 notice to the prosecutor. The court in *People* v. *Godlewski,* 22 Cal.2d 677, 684 [140 P.2d 381], found neither unreasonableness, nor unconstitutionality, in the statute's requirement of such notice before an incarcerated defendant is entitled to trial in another county on charges unrelated to his detention. (See also *In re Mugica,* 69 Cal.2d 516, 523 [72 Cal.Rptr. 645, 446 P.2d 525]; *People* v. *Jacobs,* 27 Cal.App.3d 246, 256-257 [103 Cal.Rptr. 536]; *People* v. *Rowden,* 268 Cal.App.2d 868, 872 [74 Cal.Rptr. 448]; *People* v. *Robinson,* 266 Cal.App.2d 261, 265 [72 Cal.Rptr. 33].)

Had the People here made some showing tending to establish good cause for the delay after delivery of the section 1381 notice, it would have been the trial court's duty to apply the test most recently reiterated in

*Bellizzi* v. *Superior Court, supra,* 12 Cal.3d 33, 38, i.e., whether "the prejudicial effect of the delay outweighed any justification for it." (And see *Sykes* v. *Superior Court, supra,* 9 Cal.3d 83; *Jones* v. *Superior Court, supra,* 3 Cal.3d 734, 740.) The prejudice to be weighed would only have been that for which the petitioners were not responsible. (*Bellizzi* v. *Superior Court, supra,* p. 38.)

Since the People, on whom the burden rested, made no attempt whatever to show good cause for the delay, the record establishes the denial to defendants of their constitutional right to a speedy trial of the twice-filed charges. The order of the superior court denying petitioners' motion to dismiss was erroneous and must be set aside.

Tobriner, J., concurred.

Petitioners' application for a rehearing was denied June 26, 1975. Tobriner, J., and Mosk, J., were of the opinion that the application should be granted.