Filed 11/17/15  P. v. Austin CA2/6
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEREMY KINGSLY AUSTIN,<br><br>    Defendant and Appellant. | 2d Crim. No. B256044<br>(Super. Ct. No. 2004300169)<br>(Ventura County) |

Jeremy Kingsly Austin appeals a judgment after conviction by jury of home invasion robbery (Pen. Code, §§ 211, 213, subd. (a)(1)(A))[1]; two counts of first degree residential burglary (§ 459); false imprisonment (§ 236); assault with a firearm (§ 245, subd. (a)(2)); and assault with a deadly weapon (§ 245, subd. (a)(1)).  The trial court sentenced him to seven years eight months in state prison.  Austin contends that post-accusation delay violated his constitutional right to a speedy trial and the trial court abused its discretion when it did not inquire into possible juror misconduct.  We affirm.

## BACKGROUND

Austin committed two burglaries of occupied dwellings in one week in May 2004.  Eyewitnesses to both crimes identified him.

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

In September 2004, the Ventura County District Attorney filed a complaint charging Austin with the crimes. After a preliminary hearing, the trial court held Austin to answer and admitted him to bail. The prosecution produced all evidence in its possession to defense counsel.

The trial court ordered Austin to appear March 15, 2005, for a pretrial conference. He did not appear. The trial court issued a warrant.

Austin had been arrested in Santa Barbara on March 9, 2005, after committing burglaries there. When he failed to appear in Ventura on March 15, the deputy district attorney told the trial court, "Apparently Mr. Austin was arrested for robbery in Santa Barbara, so I assume the Court should just issue a bench warrant." The Ventura court issued a warrant. It later granted a surety's motion to forfeit the bond based on Austin's arrest and took no further action on the case until 2012.

A jury convicted Austin in the Santa Barbara case and the Santa Barbara Superior Court sentenced him to 35 years in state prison. We affirmed the Santa Barbra conviction. (*People v. Austin* (May 29, 2007, B186959) [nonpub. opn.].)

In 2012, Austin filed a demand for trial in the Ventura case. (§ 1381.) He was promptly transported to Ventura. The Ventura County Superior Court granted seven defense requests for continuances, and Austin waived time for trial to November 27, 2012. The last request was based on the public defender's discovery that audiotapes of witness interviews and other physical evidence had been destroyed after being discovered to private defense counsel in 2004.

On November 9, 2012, Austin moved to dismiss the Ventura case, arguing that post-accusation delay violated his constitutional right to a speedy trial. The trial court denied his motion. We denied Austin's petition for writ of mandate or prohibition in which he challenged the denial. (*Austin v. Superior Court* (Mar. 25, 2013, B246520).)

A Ventura jury convicted Austin of the two robberies, false imprisonment, and the assaults. It acquitted him of attempted home invasion robbery

(§§ 664, 211) and possession of marijuana for sale (Health & Saf. Code, § 11359). The trial court sentenced Austin to seven years eight months in state prison to be served consecutively to the Santa Barbara sentence.

When the jury indicated it had reached a verdict, Austin announced that one of the jurors "is a friend of" an officer who testified. Austin said he learned this from "talking with someone on the phone." He said he witnessed the juror "joyfully playing with [the officer] in the back" while the officer was on the witness stand. Austin said, "[T]hey have a relationship. Some type of friendship. I don't know what's going on with that." The trial court denied Austin's motion for mistrial without an evidentiary hearing.

## DISCUSSION

### *Speedy Trial*

There was no constitutional speedy trial right violation. When a claimed speedy trial violation does not rest on a statutory provision,[2] the defendant must affirmatively demonstrate that the delay has prejudiced his ability to defend against the charges. (U.S. Const, 6th Amend.; *Crockett v. Superior Court* (1975) 14 Cal.3d 433, 438-440.) Whether the right to a speedy trial under the United States Constitution is violated depends on (1) the length of delay, (2) the reason for delay, (3) defendant's assertion of his right, and (4) prejudice. (*Barker v. Wingo* (1972) 407 U.S. 514, 530, 533.) A claim that the right to speedy trial under the California Constitution is violated likewise requires an affirmative showing of prejudice, after which the court weighs the prejudicial effect of the delay against any justification for the delay. (Cal. Const., art. I, § 15; *People v. Martinez* (2000) 22 Cal.4th 750, 767; *Crockett*, at pp. 438-440.)

Eight years passed between accusation and trial, but Austin does not demonstrate prejudice caused by the delay. By 2012, witness audiotapes, fingerprint

---

[2] Austin does not assert a statutory speedy trial right violation, and there was none.

3

cards, gloves, firearms, and photos had been destroyed or released. But the prosecution had provided these items to defense counsel eight years earlier. It has receipts for the production. Summaries of the audiotaped interviews remained available to Austin at trial, including his own interviews and those of his accomplice. And the transcripts of testimony of some key witnesses were preserved at the preliminary hearing, including Officer Mora who Austin argued was no longer available.

Even if Austin was prejudiced, the delay was justified. The government was not to blame for the delay. (*Doggett v. United States* (1992) 505 U.S. 647, 651.) Austin was aware of the Ventura charges when he was arrested in Santa Barbara, but he waited seven years to demand a trial pursuant to section 1381. In this regard, he is unlike the defendant in *Doggett* who was indicted but not arrested. Austin was arrested and charged. Austin attended the preliminary hearing and other Ventura court proceedings in 2004 and 2005, with counsel. He entered a plea. He was present when the Ventura court ordered him to appear. The prosecution was not responsible for Austin's criminal activity while on bail. And though he was in custody following conviction in the Santa Barbara case, he could have demanded a trial in Ventura within 90 days at any time pursuant to section 1381. He is not like the defendant in *Smith v. Hooey* (1969) 393 U.S. 374, 375, whose demand for trial while in custody on other charges was ignored. Austin forfeited his right to a speedy trial when he chose to wait.

*Juror Misconduct*

The trial court acted within its discretion when it did not conduct a hearing on Austin's claim that a juror had a relationship with a testifying officer. (*People v. Virgil* (2011) 51 Cal.4th 1210, 1284 [decision not to inquire further reviewed for abuse of discretion].) Austin's claim was speculative. He did not disclose the source or content of the phone call that made him think there was a relationship, and he said he did not know "what's going on." Austin did not put the court on notice of any information that, if true, was good cause for dismissal. (*People*

4

*v. Cowan* (2010) 50 Cal.4th 401, 505-506.)  An evidentiary hearing would have been an unwarranted "fishing expedition" and was not required.  (*People v. Avila* (2006) 38 Cal.4th 491, 604.)

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.


PERREN, J.

5

Charles W. Campbell, Judge

Superior Court County of Ventura

_____

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Yun K. Lee, Eric E. Reynolds, Deputy Attorneys General, for Plaintiff and Respondent.