[Civ. No. 23704. Fourth Dist., Div. Two. Dec. 17, 1980.]

ROBERT KENNETH REYNOLDS, Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Malcolm S. MacMillan, Public Defender, and Patra Woolum, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Byron C. Morton, District Attorney, and Randall K. Tagami, Deputy District Attorney, for Real Party in Interest.

**OPINION**

**MORRIS, J.**—On December 7, 1979, petitioner Robert Reynolds was arrested in the City of Riverside on outstanding warrants from Los Angeles County. He was subsequently transported to Los Angeles where he was sentenced to a term of six months in the county jail for a violation of Health and Safety Code section 11350.

On December 17, 1979, a felony complaint was filed in the Municipal Court of the Riverside Judicial District charging petitioner with a violation of Penal Code section 12021 (ex-felon in possession of a gun) on account of a firearm alleged to have been concealed upon his person at the time of his arrest in Riverside.

On February 14, 1980, petitioner caused to be mailed to the clerk of the Riverside Municipal Court a document entitled "Petition for a Fair and Speedy Trial, section 1381." The notice was signed by the petition-

er, set out the substance of Penal Code section 1381, and included a statement of the charge pending against him in Riverside. The notice was received in the Riverside Municipal Court on February 19, 1980, and thereafter, forwarded to the office of the Riverside District Attorney.

The notice was received in the office of the Riverside District Attorney on March 31, 1980. On April 16, 1980, petitioner was returned to Riverside, and a preliminary hearing was conducted on April 25, 1980. Petitioner was held to answer in the superior court and an information was filed on May 5, 1980. On May 30, 1980, petitioner moved to dismiss the charges pursuant to Penal Code section 1381.[1] Following denial of the motion by the trial court, petitioner applied to this court for a writ of mandate/prohibition to compel the trial court to dismiss the action. The writ was denied.

Petitioner thereafter filed a petition in the California Supreme Court with the result that that court granted a hearing and transferred the matter to this court with directions to issue an alternative writ of prohibition. Following issuance of an alternative writ, we have again reviewed the matter.

The sole issue is whether a defendant who has actual knowledge of the procedure prescribed by section 1381 may trigger the operation of the 90-day trial limitation by sending the notice to some public officer other than the district attorney as dictated by section 1381.

Section 1381 reads in pertinent part as follows: "Whenever a defendant has been convicted, in any court of this state, of the commission of a felony or misdemeanor and. . .has been sentenced to and has entered upon a term of imprisonment in a county jail for a period of more than 90 days. . .and at the time of the entry upon such term of imprisonment or commitment there is pending, in any court of this state, any other indictment, information, complaint. . .the district attorney of the county in which such matters are pending shall bring the same defendant to trial. . .within 90 days after such person shall have delivered to said district attorney written notice of the place of his imprisonment or commitment and his desire to be brought to trial. . . .In the event that the defendant is not brought to trial. . .within the 90 days as herein provided the court in which such charge. . .is pending must, on mo-

---

[1]All statutory references are to the Penal Code unless otherwise stated.

tion...of the district attorney, or of the defendant...dismiss such action."

That petitioner had actual knowledge of the provisions of section 1381 was apparent from the fact that the demand for speedy trial signed by him contained the substance of the section including the following: "Section 1381 of the California Penal Code (1389 out of state) specifies that, any defendant convicted of a felony or a misdemeanor and has been sentenced to and has entered upon a term of imprisonment in a county jail for a period of more than ninety (90) days (180 days out of state),...it is hereby made mandatory upon the district attorney of the county in which such charge is pending to bring the same to trial within ninety (90) days after such person *shall have delivered to said district attorney* written notice of the place of his imprisonment and his desire to be brought to trial within (90) days upon said charge...." (Italics added.)

Petitioner seeks to avoid the effect of his failure to deliver the notice to the district attorney on the ground that he was given erroneous information by jail employees. The transcript of the testimony taken in the trial court reveals that in fact a jail employee in Los Angeles did advise petitioner that he believed the proper procedure was to send the demand to the clerk of the municipal court. However, the testimony of the same witness was to the effect that if petitioner had wished to send the notice to the office of the Riverside District Attorney, a stamp and envelope would have been provided for him. Petitioner followed the advice of the jail employee and sent the demand to the clerk of the municipal court, with the consequent delay in reaching the district attorney.

There is no contention that there was any delay following notice to the district attorney, or that the 28-day delay caused by the erroneous delivery of the notice has resulted in any prejudice to petitioner. A review of the dates reveals that, but for the motion to dismiss, trial could have commenced well within the 90-day period from the date of service on the district attorney.

There being no unjustified delay and no prejudicial effect of the delay on petitioner, the constitutional right to a speedy trial has not been violated. (See *People* v. *Hannon* (1977) 19 Cal.3d 588, 608 [138 Cal.Rptr. 885, 564 P.2d 1203]; and see *People* v. *Cave* (1978) 81 Cal. App.3d 957, 964-965 [147 Cal.Rptr. 371].)

■  Thus, the issue presented is whether, under the facts of this case, service upon the clerk of the municipal court constituted constructive service upon the district attorney so as to invoke the operation of the 90-day limitation.

We conclude that it did not. In *People* v. *Ruster* (1974) 40 Cal. App.3d 865 [115 Cal.Rptr. 572], the defendant sent a demand notice to his probation officer in connection with a probation revocation and sentencing proceeding. The probation officer failed to notify the district attorney until after the 90 days had expired. The Court of Appeal rejected defendant's contention that the trial court had lost jurisdiction to impose sentence upon him. In denying defendant relief the court emphasized that as a matter of public policy, as well as statutory construction, the defendant has the responsibility of serving the section 1381 notice upon the district attorney. The court stated, "Fundamental precepts of fairness dictate that before defendant's standing to invoke such a drastic sanction is recognized he must first demonstrate literal compliance with the remedial provision by which he seeks to benefit. Any other rule would encourage resort to half-hearted, disingenuous gestures toward compliance calculated at most to start the 90-day period running and contrived in fact to achieve official default." (*Id.* at p. 873.)

There is no suggestion in this case that the petitioner was insincere in following the advice of the jail employee. Nevertheless, the drastic sanction of dismissal is inappropriate where the delay was caused by petitioner's failure to comply with the statute and not by any inaction on the part of the prosecutorial authority.

In *People* v. *Cave, supra,* 81 Cal.App.3d 957, the defendant sought dismissal on the ground that he had not been alerted to the pending charge and thus had no opportunity to make the 90-day demand. The court rejected defendant's contention, holding that absent the demand, there is no particular starting date for such 90-day period, stating, "If the Legislature had wanted to provide for the commencement of the 90-day period by some fixed or determinable event or by the passage of a reasonable time under some conditions other than presently provided in the statute, it could easily have done so. Judicial establishment of such a change would be encroaching on the legislative power." (*Id.,* at p. 964.) So it is in the case at bench. If the Legislature had wanted to provide for the commencement of the 90-day period by notification of the jail or prison officials, or the clerk of the municipal court, it could easily have done so.

The requirement of section 1381 is clear and unambiguous, it places upon the charging authority the responsibility to act *upon receipt of notice and demand.* Judicial establishment of a constructive notice concept would undermine the legislative scheme.

This conclusion does not leave a prisoner who is erroneously advised by prison authorities without a remedy. It simply means that the statutory limitation is not available. The standard to apply to a claim of a denial of speedy trial is the same as where no specific statute is involved, i.e., "'weighing the prejudicial effect of the delay on defendant against any justification for the delay.'" (*People* v. *Cave, supra*, 81 Cal. App.3d 957, 965, quoting *People* v. *Hannon, supra*, 19 Cal.3d 588, 608.)

Defendant has shown no prejudice and no unjustified delay.

The writ is denied, the alternative writ discharged.

Gardner, P. J., and McDaniel, J., concurred.