[Crim. No. 14061. Third Dist. Sept. 6, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSE MARIA GARCIA, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, Attorney General, Eddie T. Keller and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Appellant.

Jerome S. Stanley for Defendant and Respondent.

OPINION

SIMS, J.—■ The principal issue in this case is whether the following letter constitutes "a request that [defendant] be brought to trial" within the meaning of Penal Code section 1381.5:[1]

---

[1]Section 1381.5, as it was in effect when defendant made his putative request thereunder, reads as follows: "Whenever a defendant has been convicted of a crime and has entered upon a term of imprisonment therefor in a federal correctional institution, and at the time of entry upon such term of imprisonment or at any time during such term of imprisonment there is pending in any court of this state any criminal indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced the district attorney of the county in which such matters are pending, upon receiving from such defendant a request that he be brought to trial or for sentencing, shall promptly inquire of the warden or other head of the federal correctional institution in which such defendant is confined whether and when such defendant can be released for trial or for sentencing. If an assent from authorized federal authorities for release of the defendant for trial or sentencing is received by the district attorney he shall bring him to trial or sentencing within 90 days after receipt of such assent, unless the federal authorities specify a date of release after 90 days, in which event the district attorney shall bring the prisoner to trial or sentencing at such specified time, or unless the defendant requests, in open court, and receives, or, in open court, consents to, a continuance, in which event he may be brought to trial or sentencing within 90 days from such request or consent.

"If a defendant is not brought to trial or for sentencing as provided by this section, the court in which the action is pending shall, on motion or suggestion of the district attorney, or representative of the United States, or the defendant or his counsel, dismiss the action." (Stats. 1971, ch. 1556, § 2, p. 3080.)

The statute has since been amended to restrict its application to federal correctional institutions "located in this state." (Stats. 1983, ch. 793, § 1.1, p. 2902.)

All further statutory references are to the Penal Code unless indicated otherwise.

Jose Maria Garcia
Federal Correctional Institution
Post Office Box One Thousand
Oxford, Wisconsin 64952
6 March, 1983

Prosecuting Attorney
Municiple [*sic*] Court
City of Sacramento
City Courthouse
Sacramento, California 95814

Re: STATE OF CALIFORNIA V JOSE MARIA GARCIA
 Case Number: Unknown
 Charge: Possession of Heroin & Firearm

Dear Sir:

According to the report of Mr. Harling, United States Probation Officer, Eastern District of California, your office has issued a warrant for my failure to appear in the above styled case. This letter, by Mr. Harling, is dated 2/11/82 and 3/24/82.

For further identification, this case is identified as BNE Case No. SAC 1089.

I will appreciate learning if this case has been dismissed because of my federal incarceration or if it is pending. Pursuant to the Speedy Trial Act (both State and Federal), there is a question if jurisdiction lies inasmuch as I have been available for trial for several months.

Your immediate acknowledgement to these questions and an early reply will be appreciated.

Respectfully,
Jose Maria Garcia

Upon receipt of the letter, the prosecutor "took no further action." A magistrate concluded the letter was an appropriate statutory request and dismissed a multicount felony complaint for failure to bring defendant to trial in the time prescribed by the statute. The superior court thereafter denied the People's motion to reinstate the complaint (§ 871.5) and the People have appealed from the denial of the motion. (§§ 871.5, subd. (f), 1238, subd. (a)(9).) We conclude the letter does not constitute a sufficient

statutory request; accordingly, we shall reverse the superior court's order refusing to reinstate the complaint.

DISCUSSION

In resolving the issue before us under section 1381.5, we may look for guidance to cases construing section 1381. "Just as section 1381 governs the right of California prisoners to be brought to trial on pending charges within 90 days of request, its companion statute, section 1381.5, provides federal prisoners, such as defendant, with an analogous 90-day right. [Citations.] Accordingly, case law construing section 1381 is persuasive authority for interpreting section 1381.5." (*People* v. *Vila* (1984) 162 Cal.App.3d 76, 81 [208 Cal.Rptr. 364].)

Because failure to comply with section 1381 results in "the drastic sanction of dismissal"[2] (*Reynolds* v. *Superior Court* (1980) 113 Cal.App.3d 510, 514 [169 Cal.Rptr. 868]), courts have required defendants to comply strictly with statutory requirements. (*Ibid.;* see *People* v. *Ruster* (1974) 40 Cal.App.3d 865, 873 [115 Cal.Rptr. 572].) "Any other rule would encourage resort to half-hearted, disingenuous gestures toward compliance calculated at most to start the 90-day period running and contrived in fact to achieve official default." (*Ruster, supra,* at p. 873.)

It is apparent that, construed strictly, defendant's letter is not a request that he be brought to trial but is rather an inquiry with respect to whether his charges had been dismissed. The prosecutor who received the letter construed it as such, and we think reasonably so. The letter does not state or imply the essential ingredient of a statutory demand, i.e., a "desire to be brought to trial." (See *People* v. *Manina, supra,* 45 Cal.App.3d at p. 900.) Indeed, the letter implies precisely the opposite: that, because of the passage of time without a trial, defendant's case has been or will be

---

[2]Consequences of a dismissal pursuant to section 1381 are summarized in *People* v. *Manina* (1975) 45 Cal.App.3d 896 [120 Cal.Rptr. 51]: "Such a dismissal, where the charge is a felony, is not a bar to another prosecution for the same offense; it is res judicata of none of the issues of the action, and the defendant has not suffered prior jeopardy as a result. [Citations.] Nor does such a dismissal necessarily determine that the defendant has been denied his constitutional right to a speedy trial. For such a conclusion would be wholly inconsistent with section 1387 permitting refiling and prosecution of the same charge. [¶] Nevertheless, a failure to bring such an incarcerated defendant to trial followed by a dismissal of the action in accordance with section 1381, constitutes prima facie evidence of the denial of his constitutional right to a speedy trial. [Citation.] And while, as indicated, Penal Code section 1387 permits the prosecutor to refile the same charge, the defendant may thereafter urge that he has been denied a speedy trial on the charge. The burden then rests upon the prosecutor to establish good cause for the delay. Upon his failure to do so the action must again, and finally, be dismissed. [Citations.]" (Pp. 899-900, fn. omitted.) *Manina* has been held applicable to section 1381.5. (*In re Shute* (1976) 58 Cal.App.3d 543, 551 [130 Cal.Rptr. 270].)

dismissed. ██ ██ ██ ██ The letter does not constitute a request to be brought to trial within the meaning of section 1381.5 and the magistrate and the superior court erred in concluding to the contrary.[3]

██ We do not condone the prosecutor's failure to respond to the letter. He had a clear duty to do so. (*People v. Vila, supra,* 162 Cal.App.3d at p. 83.) Such a failure could be a crucial factor impinging on defendant's constitutional rights to a speedy trial. (*Id.,* at p. 86.) In the instant case, however, defendant's motion to dismiss was based exclusively on statutory grounds and the magistrate dismissed the complaint solely for violation of the statute. Any denial of defendant's constitutional rights was never tendered to the lower courts and is not properly before us.

Upon remand, the superior court shall enter an order granting the People's motion to reinstate the complaint.

### DISPOSITION

The order appealed from is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Regan, Acting P. J., and Carr, J., concurred.

---

[3]The People also contend the letter fails to comply with the statute because it is addressed to the prosecuting attorney at the municipal court. The argument is unavailing. The prosecutor admitted receiving the letter. Section 1381.5 does not specify the manner in which the request for trial is to be addressed; all that is required is that the district attorney *receive* the request. (See *Reynolds v. Superior Court, supra,* 113 Cal.App.3d at p. 513.)

Defendant also contends he sent another letter of March 3, 1983, which constituted a sufficient request under section 1381.5. However, that letter (if it then existed) was sent to "Clerk of Court, Municiple [*sic*] Court, County of Sacramento . . . ." The magistrate found as a fact that the March 3 letter was never received by the office of the district attorney. Abundant evidence in the record supports that finding. Section 1381.5 requires a district attorney to act only "upon receiving from . . . defendant a request . . . ." Absent actual receipt of defendant's letter, the district attorney had no statutory duty to act. (See *Reynolds v. Superior Court, supra,* 113 Cal.App.3d at p. 515; *People v. Ruster, supra,* 40 Cal.App.3d at pp. 872-873.)

In light of our resolution of this matter we have no occasion to examine the intriguing question, overlooked here by the trial courts and by both of the parties, whether or when the 90-day time period in section 1381.5 begins to run where the district attorney fails to inquire of federal correctional authorities as required by the statute.