Filed 12/16/22 P. v. Weisner CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095872 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE010891) |
| v. | |
| FRANKIE JAMES WEISNER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Frankie James Weisner filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant filed a supplemental brief arguing he was not brought to trial within 90 days of delivering appropriate notice to the district attorney, he was forced to wear physical restraints at trial without a showing of manifest need, and the People committed misconduct at trial. After examining the record and considering defendant's contentions in his supplemental brief, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

1

## BACKGROUND

While defendant was serving his term in prison for a different offense, a correctional officer found "a small piece of metal, sharpened to the tip" in defendant's cell on November 18, 2020. The People charged defendant with possession of a sharp instrument while confined in a penal institution (Pen. Code, § 4502, subd. (a))[1], and alleged a prior serious felony conviction (§§ 667, subds. (b)-(i), 1170.12).

At the pretrial conference, defendant objected to the trial date, alleging he deposited a section 1381 demand into the prison mail system on October 11, 2021, thus entitling him to a trial date within 90 days of October 11, 2021. The district attorney, on the other hand, claimed her office received the demand on October 14, 2021. The trial started on January 10, 2022. The next day, a jury found defendant guilty and found true the prior felony allegation. The trial court sentenced defendant to four years in state prison. Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised that he may, within 30 days of the filing of the opening brief, file a supplemental brief to address any issues he believes deserve review.

Defendant filed a supplemental brief, arguing: (1) the trial court lacked jurisdiction to sentence him because he was not brought to trial within 90 days of his section 1381 demand; (2) the trial court violated his right to a fair trial because he was forced to wear physical restraints absent a showing of manifest need; and (3) the People committed prosecutorial misconduct by requestioning witnesses who had already

---

[1] Further undesignated statutory references are to the Penal Code.

testified.  He further requests us to review the trial court's denial of all of his motions.  We reject all of defendant's claims.

I

*Section 1381 Demand*

Section 1381 provides, in pertinent part, that a state prisoner may demand to be brought to trial within 90 days of delivering appropriate notice to the district attorney.  The 90-day period starts when the district attorney receives the demand.  (*Reynolds v. Superior Court* (1980) 113 Cal.App.3d 510, 513.)

Here, the district attorney received the section 1381 demand on October 14, 2021.  Ninety days from October 14, 2021, was January 12, 2022.  The trial started on January 10, 2022, within the 90-day period from the date of service on the district attorney.

Defendant contends that, under the "prison mailbox drop rule," his service on the district attorney was completed when he deposited the demand into the prison mail system.  But the "prison mailbox drop rule," or the prison-delivery rule, provides only that a self-represented prisoner's notice of appeal in a criminal case is deemed timely if, within the relevant period, the prisoner properly submitted the notice to prison authorities pursuant to the procedures established for prisoner mail.  (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 110; *In re Jordan* (1992) 4 Cal.4th 116, 118-119.)  Section 1381 does not concern the filing of a notice of appeal, and specifies that the 90-day period begins when the district attorney receives the demand.

II

*Physical Restraints During Trial*

On the second day of trial, the trial judge noticed for the first time defendant had leg restraints at his ankles, but he did not believe the jury saw the restraints.  The correctional officer stated he had positioned himself between defendant and the jury so the jury could not see that defendant was in restraints.  Defendant declined a jury

instruction on the physical restraints to avoid "bring[ing] too much attention" to the restraints. The prosecutor later recalled the trial took place in a large courtroom and the jury sat in the audience due to coronavirus disease 2019 (COVID-19) restrictions. No restraint hearing was requested before the trial began. After the trial, defendant filed a motion for a new trial based in part on the use of leg restraints at trial. The trial court denied the motion.

"[A] defendant cannot be subjected to physical restraints of any kind in the courtroom while in the jury's presence, unless there is a showing of a manifest need for such restraints." (*People v. Duran* (1976) 16 Cal.3d 282, 290-291, fn. omitted.) But "courtroom shackling, even if error, was harmless if there is no evidence that the jury saw the restraints, or that the shackles impaired or prejudiced the defendant's right to testify or participate in his defense." (*People v. Anderson* (2001) 25 Cal.4th 543, 596.)

Here, the trial judge, based on his own observation, concluded it was unlikely that the jury saw defendant's leg restraints. Considering that the trial was held in a large courtroom, the jury was seated in the audience to comply with COVID-19 restrictions, and the correctional officer intentionally positioned himself in between defendant and the jury so the jury could not see the leg restraints, we conclude the use of leg restraints on defendant, even if error, was harmless.

III

*Prosecutorial Misconduct*

Defendant forfeited his claim for prosecutorial misconduct because he raised no objection when the People sought permission to reopen the questioning of two witnesses. (*People v. Wharton* (1991) 53 Cal.3d 522, 591 [a defendant's failure to object to prosecutorial misconduct forfeits the issue for appeal].) After reviewing the entire record, including the trial court's denial of defendant's various motions, we conclude there is no reversible error.

4

## DISPOSITION

The judgment is affirmed.


/s/_____
HOCH, J.


We concur:


/s/_____
ROBIE, Acting P. J.


/s/_____
EARL, J.