[No. F003039. Fifth Dist. Sept. 30, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR CLARK, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II, IV, V, VI and VII.

## COUNSEL

Paula F. Schmidt, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Paul V. Bishop and Gelacio L. Bayani, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HANSON (P. D.), Acting P. J.—**

I

Victor Clark appeals from a judgment of conviction of one count of first degree burglary (Pen. Code, § 459),[2] one count of second degree burglary (§ 459) and six counts of robbery (§ 211). Allegations of personal gun use (§ 12022.5) included in each count were found true. Allegations in two of the robbery counts that the offenses occurred in an inhabited dwelling (§ 213.5) also were found true.

The court sentenced defendant to ten and two-thirds years on the current charges and ordered the term defendant was serving for a robbery conviction in Los Angeles to be served consecutively.

II*

FACTS

. . . . . . . . . . . . . . . . . . . . . . . .

III

DISCUSSION

*Speedy Trial*

Defendant claims the trial court erroneously denied his section 995 motion.[3] He contends the municipal court should have granted his motion to

---

[2] All statutory references are to the Penal Code unless otherwise indicated.

*See footnote 1, *ante,* page 975.

[3] Defendant sought review in this court by way of writ of both the denial of the section 995 motion and denial of a motion to dismiss. On appeal, defendant challenges only the denial of his section 995 motion.

dismiss pursuant to section 1381 because he was illegally committed by the magistrate (§ 995, subd. (a)(2)(A)).

The three crimes defendant was accused of committing subject of this appeal occurred on September 8, 1982, and November 3, 1982. On November 4, 1982, defendant was arrested in Los Angeles. He pleaded guilty to a charge of one count of robbery committed in Los Angeles and on January 14, 1983, was sentenced on that conviction to four years in state prison by the Los Angeles County Superior Court.

Pursuant to section 1381, defendant sent a handwritten demand letter dated January 15, 1983, to the Kern County District Attorney's office. However, the letter contained only his alias, William Benedict Schwehr, his booking number, his Los Angeles address and the Kern County warrant number. The letter was marked received by the Kern County District Attorney on January 20, 1983.

On February 11, 1983, the director of the Los Angeles County jail was ordered to deliver "Schwehr" to Kern County officials. The order was delivered and returned, apparently on February 21; the Los Angeles authorities said defendant had been transferred to Chino on the 16th. On March 15, the Kern County District Attorney obtained a new order, directed to the Department of Corrections, for "Schwehr's" custody. The order went to Chino and was returned; Chino had no record of a Schwehr. Repeated calls to the Sacramento office housing the computer files failed to show the name "Schwehr." During this period, defendant's file in the Kern County District Attorney's office was mislaid and the only information available to the office was the name Schwehr and his Los Angeles booking number.

Defendant was not transferred to Chino on February 16; he remained in Los Angeles until the first of March. In two separate demands, received by the Kern County District Attorney's office on March 17, defendant again requested to be brought to trial. The latter demand was sent from Chino and contained defendant's California Department of Corrections (CDC) number. Both demands received March 17 showed defendant's alias, Schwehr, and his true name, Victor Clark. Defendant had entered the state prison system under his true name, Clark, not his alias, Schwehr.

On March 30, an investigator was assigned to the case. By March 31, having defendant's true name and CDC number, the investigator determined defendant was in the process of being transferred from Chino to Susanville. The transfer was completed by April 8. Defendant was booked into Kern County jail on April 15, and arraigned on April 19.

On May 3, 1983, prior to his scheduled preliminary hearing, the municipal court granted defendant's motion to dismiss pursuant to section 1381. On May 4, defendant was arraigned on a refiled complaint.

On May 6, prior to his preliminary hearing, defendant again moved to dismiss, pursuant to section 1381. The court denied the motion saying: "It appears to me there was plenty of good cause for the delay in this case. I will make a finding of good cause.

"Now, you are entitled to show prejudice also under your motion. That doesn't terminate the motion. I can't rule on the motion until you have an opportunity to—if you wish to show prejudice.

"MR. RESNICK [Defense Counsel]: I will submit it.

"THE COURT: There having been no evidence of prejudice submitted to the court in support of the 1381 motion for dismissal for lack of speedy trial, the motion will be denied."

Defendant was held to answer on May 9 and arraigned in superior court on May 27. On June 17, defendant filed his section 995 motion. On June 21, defendant moved to dismiss pursuant to section 1381 based on the two demand letters received by the district attorney's office on March 17. The superior court denied the motions on July 8. Defendant petitioned for a writ in this court on July 8, challenging the denials by the trial court. The petition was summarily denied on July 11, the date set for trial. The denial of defendant's petition is not deemed a conclusive decision on the merits. (*People* v. *Medina* (1972) 6 Cal.3d 484, 493 [99 Cal.Rptr. 630, 492 P.2d 686].)

Section 1381 provides in pertinent part: "Whenever a defendant has been convicted, in any court of this state, of the commission of a felony or misdemeanor and has been sentenced to and has entered upon a term of imprisonment in a state prison or has been sentenced to and has entered upon a term of imprisonment in a county jail for a period of more than 90 days . . ., and at the time of the entry upon such term of imprisonment or commitment there is pending, in any court of this state, any other indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced, the district attorney of the county in which such matters are pending shall bring the same defendant to trial or for sentencing within 90 days after such person shall have delivered to said district attorney written notice of the place of his imprisonment or commitment and his desire to be brought to trial . . . . In the event that the defendant is not brought to trial or for sentencing within the 90 days as herein provided the court in which such charge or sentencing is pending must, . . .

dismiss such action." If a felony action is dismissed pursuant to section 1381, the prosecutor may refile the charges (§ 1387). (*People* v. *Hill* (1984) 37 Cal.3d 491, 495 [209 Cal.Rptr. 323, 691 P.2d 989].) Defendant may seek dismissal again on the basis of denial of a speedy trial. (*Ibid.*)

We find several grounds for denying defendant's claim on appeal.

■ First, when a defendant's claim, as is alleged here, is based upon an erroneous ruling by the municipal court and denial of his section 995 motion in superior court, reversal is required only where defendant, after a full trial on the merits, can show "he was deprived of a fair trial or otherwise suffered prejudice as a result of the error at the preliminary examination." (*People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941].) The court in *Pompa-Ortiz* specifically cited with approval *People* v. *Wilson* (1963) 60 Cal.2d 139 [32 Cal.Rptr. 44, 383 P.2d 452]. In *Wilson,* the Supreme Court reviewed the denial of a motion to dismiss made in the superior court pursuant to the speedy trial provision of section 1382. (*Id.,* at p. 144.) The defendant's petition for a writ in the Court of Appeal was denied. The court in *Wilson* held that for reversal, a defendant must show he was prejudiced by any error in the denial of the motion. (*Id.,* at p. 152.)

Defendant, on this appeal, makes no showing of prejudice resulting from denial of his section 995 motion. An independent review of the record also fails to reveal prejudice.[4]

■ Second, the demand letter sent on January 15, 1983, was from the Los Angeles County jail. Defendant had yet to be transferred to state prison. Section 1381 specifically requires that "[w]henever a defendant has been convicted . . . of a felony . . . and has been sentenced to and has entered upon a term of imprisonment in a state prison . . .," he may make a demand for a speedy trial. Here, while defendant was sentenced to state prison, he had not begun to serve his prison term in the state prison. He sent the letter from the county jail.

The facts in this case demonstrate very good reasons for strictly construing the language in section 1381. Transfer of a convicted defendant from a county jail to the state prison system is a problem in logistics. Here, the Los Angeles officials, when first ordered to release defendant to state authorities, thought he had been transferred. One witness involved in the

---

[4]Even if defendant is also challenging the denial of the motion to dismiss based upon his second and third demand letters, *Wilson* stands for the proposition that a defendant must show prejudice on appeal.

search for defendant testified that computer entries of transfers often lag behind the event. Defendant was admitted to the prison system under his true name, not his alias. When he wrote the letter on January 15, defendant did not yet have an official CDC number. The second demand letter, sent from Chino, contained both names and his CDC number. Within a month of receipt of this information, defendant was booked into the Kern County jail.

Construing section 1381 strictly, defendant's demand letter of January 15 was premature and did not invoke the running of the time limit.[5]

■ Third, defendant's section 995 motion was denied properly as he failed to show he was prejudiced by the refiling of the charges after the original complaint was dismissed pursuant to section 1381. The trial court erred in requiring the People to make a good cause showing upon refiling the charges; the court appropriately asked defendant to make a showing of prejudice. The confusion resulted from two irreconcilable cases.

The Court of Appeal held in *People* v. *Manina* (1975) 45 Cal.App.3d 896, 900 [120 Cal.Rptr. 51]: "Nevertheless, a failure to bring such an incarcerated defendant to trial followed by a dismissal of the action in accordance with section 1381, constitutes prima facie evidence of the denial of his constitutional right to a speedy trial. [Citation.] And while, as indicated, Penal Code section 1387 permits the prosecutor to refile the same charge, the defendant may thereafter urge that he has been denied a speedy trial on the charge. The burden then rests upon the prosecutor to establish good cause for the delay. Upon his failure to do so the action must again, and finally, be dismissed." *Manina* indicates that once a felony case is dismissed under section 1381 a presumption of prejudice arises and, though section 1387 allows refiling of the charges, the case is subject to final dismissal absent a showing of good cause by the prosecutor.

The parties and court below relied upon *Manina*. The first complaint was dismissed on May 3, based upon the demand letter received on January 20. On May 4, the district attorney refiled the complaint and defendant was arraigned. Defendant brought another motion to dismiss on May 6. The court required the district attorney to show good cause.

In *Crockett* v. *Superior Court* (1975) 14 Cal.3d 433, 435-440 [121 Cal.Rptr. 457, 535 P.2d 321], decided two months after *Manina,* the Cal-

---

[5]This ground does not dispose of any claims defendant had under his second demand letter which was sent from state prison; however, it is not clear that defendant appeals from the denial of the motion to dismiss brought in superior court based upon the second demand letter.

ifornia Supreme Court held the People need not show good cause on refiling charges after a section 1381 dismissal. Rather, if defendant seeks to defeat the action for lack of a speedy trial, he must prove prejudice. "Section 1387 does *not* provide, as petitioners would have us construe it, that as a condition for refiling a charge the People must be ready to demonstrate, whatever the reason for the prior dismissal, good cause for the delay which resulted in that dismissal. To so burden the People would in fact render section 1387 meaningless at least in those instances of prior dismissals pursuant to section 1382. As previously noted the latter mentioned section provides that when an accused is not brought to trial within 60 days the charges must be dismissed 'unless good cause to the contrary be shown.' (See *Harris* v. *Municipal Court* [1930] 209 Cal. 55, 61 [285 P. 699].) Thus we can assume that only those charges as to which the prosecution is unable to show good cause for the delay in prosecution are initially dismissed. It is manifest that the Legislature did not intend to grant to the People a right to refile charges which had been dismissed and at the same time require an automatic dismissal of such refiled charges because of the identical absence of a showing of good cause which brought about the original dismissal. Once the prosecution has suffered such a dismissal pursuant to section 1382, if otherwise not precluded from doing so, it may refile the previously dismissed charges without being required to meet the burden of explaining its delay which triggered the dismissal in the first instance.

"Unlike section 1382, sections 1381 and 1381.5 do not provide that the prosecution may avoid dismissal for failure to bring an accused to trial within the statutory period if good cause for the delay can be demonstrated.[7] However, that does not alter the effect of section 1387 which was enacted by the Legislature so as to be applicable in an even-handed manner in the case of all dismissals within its purview and no exception in the case of dismissals pursuant to section 1381 or 1381.5 was intended.

"As the California constitutional requirement that an accused be accorded a speedy trial is to be construed in accordance with the legislative provisions in supplement thereof, there is no constitutionally compelled burden to show good cause imposed on the state at the time of refiling of criminal charges dismissed pursuant to the provisions of section 1381. As previously stated, however, such refiled charges must also be dismissed if the accused can show he is prejudiced by reason of the delay." (*Id.*, at pp. 439-440, fn. omitted; see also *People* v. *Hill, supra,* 37 Cal.3d 491, 496, fn. 2.) The court's footnote 7 provides: "We are unable to explain on any reasonable ground what appears to be an inconsistency in the legislative treatment in providing for a mandatory dismissal of criminal charges because of trial delay when the accused is incarcerated by reason of a previous conviction or convictions. The additional time allowed the prosecution in bringing a

previously incarcerated defendant to trial would appear to be necessary because of possible difficulties such as defendant being in custody in a remote jurisdiction. The allowance of the additional time would not appear to be sufficient reason for a mandatory dismissal even when good cause can be shown for the delay."

The holdings of the two cases cannot be reconciled; *Crockett* obviously in fact overruled *Manina*.[6]

Defendant declined an opportunity to show prejudice. Other than feeble claims of "stress and anxiety" generated by the delays, defendant makes no showing on appeal of prejudice. The municipal court did not err in denying his motion to dismiss and thus the superior court correctly denied his section 995 motion.[7]

IV*

*Prior Conviction*

. . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Hamlin, J., and Best, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 19, 1985.

---

[6]Only one opinion cites both cases, *Smith* v. *Superior Court* (1984) 159 Cal.App.3d 1172, 1176, footnote 4 [206 Cal.Rptr. 282]. In considering whether a showing of good cause can defeat initial dismissal under section 1381, as it can under section 1382, the *Smith* court noted dictum from *Crockett* and then cited *Manina* for the holding that such a good cause showing can excuse delay.

[7]The failure to show prejudice supports denial of defendant's motion to dismiss in superior court based upon the latter demand letters.

*See footnote 1, *ante,* page 975.