[No. B082979. Second Dist., Div. Four. Nov. 16, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
MARCOS A. GUTIERREZ, Defendant and Appellant.

COUNSEL

Phillip I. Bronson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Victoria Bedrossian, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**VOGEL (C. S.), J.**—Following denial of his motion to dismiss on speedy trial grounds, defendant and appellant Marcos A. Gutierrez pleaded nolo contendere to first degree residential burglary, one prior serious felony conviction, and two prior prison terms. The court sentenced appellant to a term of nine years in state prison. Appellant appeals from the judgment with a certificate of probable cause pursuant to Penal Code section 1237.5.[1]

Ordinarily, a defendant who pleads guilty or nolo contendere may not appeal on the ground of denial of speedy trial. This is because such a claim usually involves whether the passage of time frustrated the defendant's ability to prove innocence, an issue removed from the case by the defendant's admission of guilt. (*People* v. *Hayton* (1979) 95 Cal.App.3d 413, 419 [156 Cal.Rptr. 426].) An exception has been made in cases involving the statutory form of speedy trial rights for out-of-state prisoners under the Interstate Agreement on Detainers, codified in section 1389. That statute provides for mandatory dismissal of pending California charges against out-of-state prisoners if not resolved within the time limits specified. The denial of a motion to dismiss under section 1389 may be reviewed despite a subsequent guilty plea, because the defendant's objection goes to the legality of the proceedings notwithstanding defendant's actual guilt. (*People* v. *Cella* (1981) 114 Cal.App.3d 905, 915, fn. 5 [170 Cal.Rptr. 915].) Section 1381 provides an analogous method for a California prisoner to demand a speedy trial of other pending California charges. To the limited extent appellant's claim is based on section 1381, it is cognizable despite his nolo contendere plea.

Section 1381 provides in pertinent part: "Whenever a defendant has been convicted, in any court of this state, of the commission of a felony . . . and has entered upon a term of imprisonment in a state prison . . . , and at the

---

[1] Further statutory references are to the Penal Code.

time of the entry upon the term of imprisonment or commitment there is pending, in any court of this state, any other indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced, the district attorney of the county in which the matters are pending shall bring the defendant to trial or for sentencing within 90 days after the person shall have delivered to said district attorney written notice of the place of his or her imprisonment or commitment and his or her desire to be brought to trial or for sentencing unless a continuance beyond the 90 days is requested or consented to by the person, in open court . . . . In the event that the defendant is not brought to trial or for sentencing within the 90 days the court in which the charge or sentencing is pending shall . . . dismiss the action."

■ Prompt disposition of the pending charge is important to a prisoner in order to have the opportunity to serve the sentences concurrently. (*Barker* v. *Municipal Court* (1966) 64 Cal.2d 806, 813 [51 Cal.Rptr. 921, 415 P.2d 809]; *Boles* v. *Superior Court* (1974) 37 Cal.App.3d 479, 484 [112 Cal.Rptr. 286]; *Smith* v. *Hooey* (1969) 393 U.S. 374, 378 [21 L.Ed.2d 607, 611, 89 S.Ct. 575].) However, a dismissal under section 1381 does not bar a second prosecution for the same offense if it is a felony. (§ 1387, subd. (a); *Crockett* v. *Superior Court* (1975) 14 Cal.3d 433, 439 [121 Cal.Rptr. 457, 535 P.2d 321].)

### FACTUAL AND PROCEDURAL BACKGROUND

The residential burglary involved in the present case occurred August 10, 1992, in La Mirada in Los Angeles County.

Appellant was arrested August 23, 1992, in Cypress in Orange County for other offenses committed there. Detective Bighorse of the Los Angeles County Sheriff's Office investigated the La Mirada burglary. In November 1992, he obtained a mug shot of appellant, which witnesses positively identified, and he interviewed appellant at the Orange County jail.

On November 18, 1992, a felony complaint charging appellant with the La Mirada burglary was filed in People v. Gutierrez (Mun. Ct., Downey Judicial Dist., L.A. County, 1992, No. VA017025). Notice of the pending action was filed with the Orange County Sheriff.

On January 21, 1993, appellant was convicted in the Orange County case of burglary and receiving stolen property. Appellant was sentenced to a term of 16 months in the state prison.

On January 28, 1993, while still in the Orange County jail (appellant did not enter the state prison until Mar. 3, 1993), appellant served on the Los

Angeles County District Attorney a demand for trial pursuant to section 1381, on a form supplied by the Orange County jail. The form erroneously implied appellant was "committed by the court to the Orange County Jail."

On or about April 27, 1993, appellant, from the state prison, filed in superior court in propria persona a motion to dismiss People v. Gutierrez, *supra*, No. VA017025, on the ground he had not been brought to trial within 90 days of his January 28 demand, pursuant to section 1381.

On a date not shown by the record, People v. Gutierrez, *supra*, No. VA017025 was dismissed on the People's motion.

On May 28, 1993, a new felony complaint charging the La Mirada burglary was filed in People v. Gutierrez (Super. Ct. L.A. County, 1993, No. VA018592), the present case. Appellant was brought from prison and arraigned on the complaint June 18. Appellant was held to answer July 1 and the information was filed July 16. Trial was set for September 3, 1993.

On September 3, 1993, appellant through his counsel filed a motion to dismiss on speedy trial grounds. By that time appellant had completed his prison term on the Orange County case. The motion argued that despite the permissible refiling of a second prosecution pursuant to section 1387, appellant suffered prejudice from the delay because he lost an opportunity to serve time concurrently.

On September 9, 1993, the trial court denied appellant's motion to dismiss.

After various continuances at appellant's request, appellant pleaded nolo contendere. This appeal followed.

## DISCUSSION

 Appellant's claim that section 1381 was violated in People v. Gutierrez, *supra*, No. VA017025, assumes that appellant's January 28, 1993, demand was sufficient to commence the running of the 90-day period. It was not. Section 1381 applies only when the prisoner has "entered upon a term of imprisonment" and when the prisoner's demand gives the district attorney written notice "of the place of his or her imprisonment." When appellant sent his January 28 demand, he was in the Orange County jail; he had not yet entered upon his term of imprisonment in a state prison. Furthermore, his demand misleadingly implied that he was committed to a term in the Orange County jail.

Because of the drastic sanction imposed by section 1381, a prisoner must strictly comply with its conditions. (*People* v. *Clark* (1985) 172 Cal.App.3d 975, 980-981 [218 Cal.Rptr. 481]; *People* v. *Garcia* (1985) 171 Cal.App.3d 1187, 1191 [217 Cal.Rptr. 783].) In *People* v. *Clark, supra,* 172 Cal.App.3d at page 980, as here, "while defendant was sentenced to state prison, he had not begun to serve his prison term in the state prison. He sent the letter from the county jail." *Clark* held the defendant had not complied with section 1381 and that the logistics of speedily bringing to trial a prisoner who is being transferred between institutions justifies strictly construing the statute. (172 Cal.App.3d at pp. 980-981.) Here, too, the trial court noted the difficulty of tracking appellant when appellant's demand gave only the Orange County address and identification.

■ Appellant contends that at least his motion to dismiss filed about April 27 fulfilled the function of a section 1381 demand (citing *People* v. *Hughes* (1974) 38 Cal.App.3d 670, 675 [113 Cal.Rptr. 508]). This kind of substantial compliance argument is inconsistent with the cases requiring strict compliance by the prisoner. Appellant's motion did not comply with section 1381 because (1) the record does not show it was served on the district attorney and (2) it did not state appellant's desire to be brought to trial but rather his desire to have the charges dismissed. (*People* v. *Garcia, supra,* 171 Cal.App.3d at pp. 1191-1192.)

Therefore, at no time did appellant make a proper demand, in compliance with section 1381, in People v. Gutierrez, *supra,* No. VA017025, so as to commence the running of the 90-day period. There simply was no violation of section 1381 in case No. VA017025. (*People* v. *Clark, supra,* 172 Cal.App.3d at p. 981; *People* v. *Garcia, supra,* 171 Cal.App.3d at pp. 1191-1192.) The prosecutor in fact argued to the trial court that the dismissal of case No. VA017025 on the People's motion was not based on section 1381.

In any event, People v. Gutierrez, *supra,* No. VA017025, *was* dismissed. It is well established that a dismissal under section 1381 does not bar a new prosecution for the same offense if it is a felony. (*People* v. *Godlewski* (1943) 22 Cal.2d 677, 682-683 [140 P.2d 381]; *Crockett* v. *Superior Court, supra,* 14 Cal.3d 433, 437-442; *People* v. *Stuart* (1970) 3 Cal.App.3d 817, 822-823 [83 Cal.Rptr. 841].)

A second prosecution would be barred only if the defendant could show "actual prejudice." (*Crockett* v. *Superior Court, supra,* 14 Cal.3d at p. 439.) Appellant cannot claim prejudice of the type usually involved in speedy trial claims, such as lost evidence or faded memories, because appellant's admission of guilt precludes it. (*People* v. *Hayton, supra,* 95 Cal.App.3d 413, 419.)

The only prejudice appellant can claim is the lost opportunity to serve concurrent time.

We conclude that this sort of "prejudice" is not sufficient *alone* to require that the second prosecution in the present case (People v. Gutierrez, *supra,* No. VA018592) be dismissed, which would enable appellant to escape prosecution for these serious charges. (See *Crockett* v. *Superior Court, supra,* 14 Cal.3d at p. 442.)

In *Crockett,* a prior prosecution was dismissed for violation of section 1381. (14 Cal.3d at p. 436.) A new prosecution was commenced as permitted by section 1387. The Supreme Court denied a petition to require that the second prosecution be dismissed. The court emphasized that section 1387 permits a second prosecution for a felony, unless the defendant can show "actual prejudice." (14 Cal.3d at p. 437.) "It is clear that the Legislature intends that in appropriate circumstances the state may refile and pursue charges against an accused which had theretofore been dismissed pursuant to sections 1381 . . . ." (*Id.* at p. 439.) The court further held there was no burden on the People in the second prosecution to show good cause for the delay which required the first dismissal. Such a requirement would render section 1387 meaningless because it would lead to automatic dismissal of the second prosecution. (*Id.* at pp. 439, 440.) The court ruled that the second prosecution must be dismissed only if the accused can show "prejudice." (*Id.* at pp. 440-442.)

Suppose that a prisoner makes a proper demand under section 1381, the People then fail to bring the matter to trial within 90 days, and the action is dismissed for violation of section 1381; a second prosecution is thereafter commenced, as permitted by section 1387. The defendant in such a case could *always* argue he suffered some actual prejudice by losing the opportunity to serve time concurrently commencing the 91st day.[2] This cannot be the sort of prejudice which alone compels dismissal of the second prosecution. That would be contrary to *Crockett*'s holding that generally section 1387 permits a second prosecution even after a dismissal under section 1381. It would be contrary to *Crockett*'s holding against automatic dismissals of the second prosecution. It would render meaningless the Legislature's enactment of section 1387. It would transform the two-prosecution rule of sections 1381 and 1387 into the one-prosecution rule found in the Interstate Agreement on Detainers, section 1389, article IV(e) (requiring dismissal "with prejudice"). (See *People v. Manina* (1975) 45 Cal.App.3d 896, 902

---

[2] A unique exception occurred in *Crockett,* where the short prior sentence terminated before the defendant could have been sentenced in the pending case even had the People concluded it within 90 days. (*Crockett* v. *Superior Court, supra,* 14 Cal.3d at pp. 441-442.)

[120 Cal.Rptr. 51].) We believe that, consistent with *Crockett*, the actual prejudice which bars a second prosecution is the type shown in traditional speedy trial analysis, such as loss of memory or witnesses; that type of argument is foreclosed in this case by appellant's plea. Furthermore, the delay here was not so lengthy or egregious as to require dismissal of the second prosecution as an abuse of the criminal process (*People* v. *Godlewski*, *supra*, 22 Cal.2d at p. 683) or under constitutional principles (see *Smith* v. *Hooey*, *supra*, 393 U.S. at p. 383 [21 L.Ed.2d at pp. 614-615]).

## DISPOSITION

The judgment is affirmed.

Woods (A. M.), P. J., and Epstein, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 22, 1995.