78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry E. SANTOS, Plaintiff-Appellant,
v.
Daniel E. LUNGREN, and P. Koehane, Warden, Defendants-Appellees.
 No. 94-16209.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1996.
Decided Feb. 29, 1996.
 
 Before: SCHROEDER, D.W. NELSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Larry Eugene Santos appeals the district court's dismissal of his pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253. While incarcerated in a federal penitentiary for bank robbery, Santos pleaded guilty to state charges of attempted burglary on November 21, 1990. He contends that the state conviction is void because the Santa Clara County, California District Attorney (hereinafter "prosecutor") violated the 180-day speedy trial provision of Article III(a) of the Interstate Agreement on Detainers Act ("IAD"), 18 U.S.C.App. § 2, Cal.Penal Code § 1389.[1] The State asserts various procedural bars to our review of Santos' habeas claim. We decline to address the procedural bars because Santos' IAD claim is without merit.
 
 
 3
 The district court resolved no factual disputes and dismissed Santos' petition as a question of law. Therefore, review is de novo. Harris v. Vasquez, 949 F.2d 1497, 1510 (9th Cir.1990); Hudson v. Moran, 760 F.2d 1027, 1028 (9th Cir.1985) (reviewing habeas petition based on alleged IAD violation).
 
 
 4
 Santos correctly asserts that the district court improperly ruled that he is precluded from seeking federal habeas relief because his guilty plea waived any pre-plea violation of the IAD. A guilty plea in state court does not bar federal review if the state law permits the issue to be raised on appeal. Lefkowitz v. Newsome, 420 U.S. 283, 289-93 (1975). California permits the appeal of IAD claims following a guilty plea. People v. Gutierrez, 30 Cal.App.4th 105, 108 (1994); People v. Cella, 114 Cal.App.3d 905, 915 n. 5 (1981).
 
 
 5
 Nevertheless, Santos' claim for habeas relief is without merit. Federal habeas relief under section 2254 is available for violations of the IAD only if the violation constitutes a "fundamental defect" that results in a complete miscarriage of justice or a proceeding that is inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, --- U.S. ----, 114 S.Ct. 2291, 2297-98 (1994) (plurality opinion); id. at 2301 (Scalia, J., concurring in part and concurring in the judgment). A mere "technical" violation is insufficient; there must be some aggravating circumstances. Id. at 2298, 2301. Santos has not alleged any aggravating circumstances, and we cannot see that he has suffered any prejudice from the alleged violation. Therefore, his claim is strictly of a technical nature, and we need not address the merits of his IAD argument.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Article III(a) provides in relevant part:
 "Whenever a prisoner has entered upon a term of imprisonment in a correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court ... written notice of the place of his imprisonment and his request for a final disposition.... The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held...."