Filed 4/20/15  P. v. Schoen CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RYAN ARIEL SCHOEN, <br><br> Defendant and Appellant. | 2d Crim. No. B256627 <br> (Super. Ct. No. 2012040638) <br> (Ventura County) |

Ryan Ariel Schoen appeals his conviction by jury for felony driving under the influence of alcohol or drugs (DUI) with a prior felony DUI conviction.  (Veh. Code, §§ 23550.5/23152, subd. (a).)  The trial court found that it was appellant's fifth DUI conviction in ten years  and sentenced appellant to the upper term of three years state prison.  The court also revoked probation on a 2008 felony DUI conviction (Case No. 2008041523) and sentenced appellant to a consecutive two year term.  Appellant argues that he was denied the right to speedy trial.  We affirm.

*Facts and Procedural History*

On December 5, 2010, Park Rangers Brian Lincoln and Katharine Wilson observed appellant driving on Las Posas Road.  It was dark and raining.  Appellant crossed the double yellow line and drove about 200 feet on the wrong side of the road.  Appellant drifted back into his lane, drove over the fog line, and crossed over to the wrong side of the road for a couple of seconds.  When Ranger Lincoln activated his siren

and red lights, appellant jerked to the side of the road, stopped abruptly, and almost caused a collision.

Appellant's pupils were constricted and his speech was slow and slurred. Appellant said there was "weed" in the vehicle and he had a glass pipe and marijuana on his person. Another glass pipe with residue was in the center console and an empty bottle of Oxycotin was on the back seat.

After appellant failed the field sobriety tests, a California Highway Patrol (CHP) officer arrived at the investigation scene. Ranger Lincoln told the officer that appellant was displaying all the signs and symptoms of driving impairment but was zero on the alcohol a preliminary alcohol screening device (PAS). The CHP officer took appellant's pulse, checked his pupils and symptoms, and opined that appellant was under the influence of drugs.

Appellant was transported to the Ventura County Jail where he provided a urine sample that tested positive for Noradiazepan, Oxazepam, Temazepam and Alprazolam (CNS depressants), Oxycodone (an narcotic analgesic), and THC metabolite (marijuana). Before appellant was booked, California Highway Patrol Officer Robert Smith conducted a drug recognition exam (DRE) and determined that appellant was under the influence of CNS depressants and narcotic analgesics.

Following the arrest, appellant was remanded to custody in another case where he was on parole. In 2013, while in parole violation custody , appellant served a Penal Code section 1381 demand to bring the DUI charge to trial.[1] After the prosecution filed a felony DUI complaint (Case No. 2010043253), appellant entered into a negotiated plea for probation and 240 days jail. The sentencing judge, however, refused to grant probation based on appellant's chronic DUI history and permitted appellant to withdraw his plea.

---

[1] Penal Code section 1381 provides that a defendant serving a term in state prison or county jail for more than 90 days, may serve a written demand that the new charge be brought to trial within 90 days. (See *People v. Gutierrez* (1994) 30 Cal.App.4th 105, 109.)

The prosecution dismissed the complaint and filed a new felony DUI complaint on August 30, 2013. (Case No. 2012040638.) At the January 22, 2014 preliminary hearing, appellant claimed the court lacked jurisdiction. Defense counsel stated that appellant filed a section 1381 demand and "[t]he case was subsequently dismissed. I've explained to Mr. Schoen that the district attorney does have the right to refile the case. [Appellant] believes that the court lacks jurisdiction in this matter given that the 1381 was followed by dismissal. I've explained to him that simply is not the state of the law. But he [appellant] wants his objection to all these proceeding be made known. With that, we're ready to proceed."

The court noted the "objection to jursidction" for the record and proceeded with the preliminary hearing. After appellant was held to answer he entered a plea of not guilty and was tried and convicted on April 10, 2014, more than three years after the arrest.

*Speedy Trial Claim*

Appellant argues that the three year, four month delay violated his right to speedy trial which is protected by the federal and California Constitutions. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; *People v. Martinez* (2000) 22 Cal.4th 750, 768 [state Constitution's due process and speedy trial guarantees converge to protect same interests].) To prevail on the claim, the defendant must show that the delay caused prejudice, whereupon the burden shifts to the prosecution to justify the delay. (*People v. Archerd* (1970) 3 Cal.3d 615, 640.) The court then balances the harm against the justification. (*Jones v. Superior Court* (1970) 3 Cal.3d 734, 740.) If the defendant does not show actual prejudice, the court need not inquire into the justification for the delay. (*People v. Dunn-Gonzalez* (2008) 47 Cal.App.4th 899, 911.) "Although the right to a speedy trial is grounded in both the United States and California Constitutions [citations] the timely refiling of charges once dismissed for denial of a speedy trial has been deemed constitutionally permissible absent a showing by the accused of actual prejudice. [Citations.]" (*Crockett v. Superior Court* (1975) 14 Cal.3d 433, 437.)

3

That is the case here.  Appellant claimed the trial court lost "jurisdiction" after the first complaint was dismissed, but that is not the law.  (*Ibid*.) Appellant did not object on speedy trial grounds in the refiled case and he and is precluded from raising the issue for the first time on appeal.  (*People v. Wright* (1990) 52 Cal.3d 367, 389; *People v. Wilson*  (1963) 60 Cal.2d 139, 146.)

*Actual Prejudice*

Waiver aside, appellant makes no showing that he was actually prejudiced by the trial delay.  Appellant contends that he was unable to defend against the DUI charge due to the faded memories of the witnesses.  The argument is not supported by the record. The officers' testimony was based on reports prepared at the time of the arrest. Rangers Lincoln and Wilson relied on their reports to refresh their recollection, were cross-examined about discrepancies in the reports, and had little difficulty testifying about the facts and circumstances of the arrest. (Evid. Code, § 771.)

Appellant argues that Ranger Lincoln did not recall asking when appellant last took his medication.  But that was of no consequence and does not establish prejudice.  The urinalysis and testimony of the toxicologist established that appellant had drugs in his system, the lifespan of the drugs, and the time it would take for each drug effect to wear off.  "The showing of actual prejudice which the law requires must be supported by particular facts and not, as in this case, by bare conclusionary statements." (*Crockett v. Superior Court, supra,* 14 Cal.3d at p. 442.)

Appellant argues that CHP Officer Smith had limited recollection of an eye convergence test and complains that the empty Oxycontin bottle and an inventory of the physical evidence were purged.[2]   To prevail on a speedy trial claim there must be actual prejudice, which is absent here. (*People v. Martinez, supra,* 22 Cal.4th at p. 770.) Ranger Lincoln testified that the Oxycontin bottle was on the back seat and had appellant's name on it.  The glass smoking pipes were in the center console and on

---

[2] Ranger Lincoln stated that the California Department of Parks and Recreation purged the items two years after the arrest.

4

appellant's person.  Appellant did not dispute it.  The inventory list was not material to appellant's guilt or innocence.

Appellant's complaint about the eye convergence test is equally without merit.  When CHP Officer Smith conducted the drug recognition exam, appellant had a droopy face, slow and slurred speech, and blood shot and watery eyes.  It was symptomatic of someone under the influence of CNS depressants and narcotic analgesics.  Officer Smith took appellant's pulse, measured his eye pupils, and had appellant perform horizontal and vertical nystagmus tests and an eye convergence test.  Officer Smith, however, failed to list the eye convergence test in his report and, at trial, could not recall how appellant performed.

Appellant argues that it is unknown whether the eye convergence test was exculpatory but that does not establish prejudice for purposes of a speedy trial violation.  The showing of actual prejudice must be specific and complete.[3]  (See e.g., *Serna v. Superior Court* (1985) 40 Cal.3d 239, 250.)  Officer Smith testified there would be lack of eye convergence (the ability to cross one's eyes) if the person was under the influence of a CNS depressant but the same person would have eye convergence if under the influence of a narcotic analgesic.

Appellant was under the influence of both a CNS depressant and a narcotic analgesic.  There is no likelihood that a written report of the eye convergence test would have benefited appellant or resulted in a more favorable verdict.  Officer Smith, an experienced DRE expert, opined that appellant was under the influence of a CNS depressant and a narcotic analgesic and too drug impaired to safely operate a vehicle.  Officer Smith's expert testimony was corroborated by the urinalysis and toxicologist's

---

[3] A speedy trial claim based on the federal Constitution also requires a showing that the delay was undertaken to gain a tactical advantage over the defendant. (*People v. Catlin* (2001) 26 Cal.4th 81, 107.)  Here the filing delay was an administrative oversight because appellant was in custody on another matter.  Appellant's trial attorney conceded that the DUI complaint "fell through the cracks" and there was no bad faith by the prosecution.

testimony, appellant's driving pattern and physical symptoms, and the testimony of Rangers Lincoln and Wilson.

*More Favorable Sentence*

Appellant argues that he lost the opportunity to obtain a concurrent or eight month consecutive sentence on the 2008 felony DUI conviction.[4] (Case No. 2008041523.) But that is not a speedy trial violation. The constitutional right to speedy trial does not require that a criminal complaint be dismissed because the trial delay cost the defendant the chance to serve his sentence concurrently with a sentence in another case. (See *People v. Lowe* (2007) 40 Cal.4th 937, 945.) Appellant was not eligible for a concurrent sentence because the 2008 and 2010 DUIs were committed at different times and places, had different objectives, and were independent of one another. (See Cal. Rules of Court., rule 4.425 [listing criteria affecting concurrent or consecutive sentences].) The trial court so found and awarded 270 days presentence custody credit on the 2008 DUI conviction and 297 days presentence custody credit on the 2010 felony DUI.

"Even when concurrent sentences are permitted, they often are not imposed because of the presence of certain aggravating factors. [Citation.]" (*People v. Lowe, supra,* 40 Cal.4th at p. 946.) Here there were three aggravating factors and no mitigating factors. Appellant committed the DUI while on probation, had an abysmal record with numerous attempts at probation, and posed a considerable risk of harm to the public. Appellant also had a case pending for failure to use an ignition interlock device and five new arrests, including arrests for drug use and possession. The July 11, 2013 arrest for public intoxication was remarkable. Appellant was staggering about, admitted taking

---

[4] The probation report states that the 2008 felony DUI conviction was based on a DUI incident in which appellant was found slumped over the steering wheel of a vehicle, stopped in a left-turn lane leading to the 118 freeway. Appellant was driving with a suspended license and admitted consuming three alcoholic beverages, Xanax, Oxycontin, and marijuana. Although appellant's blood alcohol content was below the legal limit, the blood sample tested positive for alcohol, benzodiazepines, cocaine, opiates, and cannaboids.

morphine pills and Percocet pills, and was carrying 84 Oxycodone pills, 95 morphine sulfate pills, and 39 Xanax pills.

More telling is appellant's presentence statement. Appellant told the probation officer that it was his fifth DUI, that he was driving on a suspended license because the "bus system sucks," and that "[h]e can drive 'really good' after drinking" and was "lucky 'some idiot' did not crash into him and blame him. . . " In the words of defense counsel, appellant "basically shot himself in the foot again and again" and has done everything to undermine himself.

Appellant makes no showing that he was prejudiced by the trial delay, or that but for the delay, it is reasonably likely he would have received a more favorable sentence.

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J

7

Charles W. Campbell, Judge

Superior Court County of Ventura

_____

Angelina Borrello, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Esther P. Kim, Deputy Attorney General, for Plaintiff and Respondent.