Filed 7/21/15  P. v. Garcia CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUDOLPH TRAVIS GARCIA,<br><br>    Defendant and Appellant. | A140954<br><br>(San Mateo County<br>Super. Ct. No. SC078743) |
| In re RUDOLPH TRAVIS GARCIA,<br><br>    on Habeas Corpus. | A143289 |

Defendant Rudolph Travis Garcia was sentenced to serve 16 months in state prison after pleading no contest to a vehicle theft charge.  On appeal and in a related habeas corpus petition, he argues that the court erred in denying his motion to dismiss pursuant to Penal Code[1] section 1381 for a violation of his statutory speedy trial rights.  Because Garcia sent his section 1381 demand for a speedy trial before he was housed in state prison, the court did not err in declining to give it effect.  Further, he has not met his burden on appeal to establish that he was prejudiced by the court's error.  Accordingly, we affirm the judgment and summarily deny the habeas petition.

---

[1]Further statutory references are to the Penal Code unless otherwise specified.

1

## PROCEDURAL BACKGROUND

On January 28, 2013, the San Mateo County District Attorney filed a three-count complaint charging Garcia with vehicle theft (Veh. Code, § 10851, subd. (a)), misdemeanor possession of burglary tools (§ 466), and misdemeanor possession of a hypodermic needle or syringe (Bus. & Prof. Code, former § 4140).

On May 2, 2013, Garcia was convicted in Placer County of possession of a controlled substance for sale. (Health & Saf. Code, § 11378.) The Placer County Superior Court sentenced Garcia to serve 32 months in state prison as a result of the conviction. On May 6, 2013, while he was in the Placer County jail awaiting transfer to state prison, Garcia prepared a section 1381 demand for speedy trial within 90 days on the San Mateo County charges. The demand was addressed to the San Mateo County District Attorney's office and reflected that Garcia was "sentenced and awaiting transport to State Prison." The San Mateo County District Attorney's office received the demand form on May 10, 2013, and prepared a removal order for a June 6, 2013, arraignment in San Mateo County.

On May 14, 2013, Garcia was transferred to the state prison in Tracy to serve his sentence for the Placer County conviction. Garcia had not been transported to San Mateo County as anticipated because he was no longer in custody in Placer County. On June 27, 2013, the San Mateo County District Attorney learned where Garcia was incarcerated and prepared a removal order for his arraignment on July 18.

Garcia appeared in San Mateo County Superior Court for a preliminary hearing on the San Mateo County charges on July 29, 2013. At the conclusion of the hearing, the court found probable cause to hold Garcia to answer for the charges contained in the complaint. On August 9, 2013, the district attorney filed a two-count information charging Garcia with vehicle theft (Veh. Code, § 10851, subd. (a)) and misdemeanor possession of burglary tools (§ 466). As to the vehicle theft charge, the district attorney alleged that Garcia had suffered a prior strike (§ 1170.12, subd. (c)(1)) and was presumptively ineligible for probation as a result of prior felony convictions (§ 1203,

2

subd. (e)(4)). It was further alleged that Garcia had served two prior prison terms within the meaning of section 667.5, subdivision (b).

Garcia was arraigned on the information on August 13, 2013. He pleaded not guilty and denied the special allegations. He did not agree to waive time for trial. The court set the matter for trial on September 30, 2013. At a pretrial conference held on September 6, 2013, defense counsel learned that the prosecutor was in possession of the section 1381 demand sent from Placer County jail.

On the date set for trial, September 30, 2013, Garcia moved for dismissal of the information based on section 1381. In written motion papers, Garcia argued that the district attorney was required to bring the matter to trial within 90 days after receipt of his section 1381 demand on May 10. He contended that the 90-day time limit ran on August 8. In opposition to the motion, the district attorney argued that section 1381 requires strict compliance and that a demand made by a defendant in county jail who has not yet been transported to state prison does not start the 90-day period to bring the matter to trial. The district attorney also contended that Garcia waived any objection to the setting of the trial date outside the 90-day period because he did not object at the time the court set the matter for trial.

The court heard the motion to dismiss on October 4, 2013. The court rejected the prosecutor's waiver argument but agreed with the prosecutor that Garcia failed to strictly comply with the requirements of section 1381 because he was not in state prison at the time he made the demand. Accordingly, the court denied the section 1381 motion.

On November 18, 2013, pursuant to a plea bargain, Garcia pleaded no contest to the vehicle theft count, admitted the strike prior, and admitted having suffered prior felony convictions making him presumptively ineligible for probation. The court dismissed the remaining charges on the motion of the prosecutor. On December 4, 2013, the court imposed a sentence of one-third of the midterm of eight months for vehicle theft, doubled to 16 months as a result of the prior strike. The court imposed the sentence consecutively to the previously imposed sentence resulting from the Placer County

3

conviction. Garcia timely appealed from the judgment of conviction.[2] The trial court granted Garcia's request for a certificate of probable cause.

While the appeal was pending, Garcia filed a petition for a writ of habeas corpus in A143289, which we consolidated with the appeal in A140954 at Garcia's request.

**DISCUSSION**

**1.** *Section 1381 Demand Sent from County Jail*

On appeal, Garcia contends the trial court erred in denying his motion to dismiss pursuant to section 1381. We disagree.

Section 1381 provides, in relevant part, that a defendant must be brought to trial on pending criminal charges within 90 days after delivery to the district attorney of the county in which charges are pending written notice of the defendant's place of imprisonment and desire to be brought to trial when the defendant has been convicted of a felony in any court of the state and "has been sentenced to and has entered upon a term of imprisonment in a state prison . . . ." If the defendant is not brought to trial or sentenced within the 90-day period, the action must be dismissed on the motion of an interested party or on the court's own motion. (§ 1381.) The prompt disposition of pending charges allows a prisoner the opportunity to serve any new sentence that may be imposed concurrently with the term already being served. (See *People v. Gutierrez* (1994) 30 Cal.App.4th 105, 109 (*Gutierriez*).)

---

[2]The People contend the appeal is untimely because the notice of appeal was filed more than 60 days after imposition of judgment. We disagree. Judgment was entered on December 4, 2013. The sixtieth day after judgment was February 3, 2014. The notice of appeal reflects that it was received by the trial court on January 31, 2014, and that the trial court granted Garcia's request for a certificate of probable cause on February 3, 2014. The People apparently rely on the fact that the notice of appeal bears a filing date of February 4, 2014, and was simply marked "received" on January 31. However, regardless of the filing date stamped on the notice, it was deemed filed on the date it was received by the trial court, or January 31, 2014. (Cal. Rules of Court, rule 8.25(b)(1) [document is deemed filed on the date clerk receives it].) Accordingly, the appeal is timely.

4

"Because failure to comply with section 1381 results in 'the drastic sanction of dismissal' [citation], courts have required defendants to comply strictly with statutory requirements. [Citations.] 'Any other rule would encourage resort to half-hearted, disingenuous gestures toward compliance calculated at most to start the 90-day period running and contrived in fact to achieve official default.' " (*People v. Garcia* (1985) 171 Cal.App.3d 1187, 1191, fn. omitted; accord, *Gutierrez, supra,* 30 Cal.App.4th at p. 111; *People v. Clark* (1985) 172 Cal.App.3d 975, 980–981 (*Clark*).)

Section 1381 plainly states that a defendant previously convicted of a felony must have "entered upon a term of imprisonment in a state prison" as a condition to commencing the 90-day period in which to bring new charges to trial. This language has been construed to require a defendant sentenced to state prison to send the section 1381 demand from *state prison*; it is not sufficient if the demand is sent from county jail while the defendant is awaiting transfer. (*Gutierrez, supra,* 30 Cal.App.4th at p. 111; *Clark, supra,* 172 Cal.App.3d at pp. 980–981.) In *Clark,* the court explained that the strict construction of the statutory language is justified by the logistical problems of speedily bringing to trial a prisoner who is being transferred between institutions. (*Clark, supra,* at pp. 980–981.)

Here, Garcia sent his section 1381 demand from county jail. Under *Clark* and *Gutierrez,* the demand was premature and did not commence the running of the 90-day time limit. Accordingly, the court did not err in denying Garcia's motion to dismiss pursuant to section 1381. (*Gutierrez, supra,* 30 Cal.App.4th at p. 111; *Clark, supra,* 172 Cal.App.3d at pp. 980–981.)

Garcia urges us to reject *Clark* and *Gutierrez* as poorly reasoned. We decline the invitation to reconsider this long-established line of authority. As we explain, even if we were inclined to agree with Garcia that a section 1381 demand sent from county jail commences the 90-day time limit, he would still not be entitled to relief on appeal because he has not established that he was prejudiced by any delay in bringing the matter to trial. (*Gutierrez, supra,* 30 Cal.App.4th at p. 111; *Clark, supra,* 172 Cal.App.3d at pp. 980–981.)

5

Garcia correctly notes that it is unnecessary to demonstrate prejudice before trial in order to obtain dismissal for a violation of a defendant's *statutory* speedy trial rights. (*People v. Martinez* (2000) 22 Cal.4th 750, 766 (*Martinez*).)  Likewise, when a defendant seeks appellate review of a statutory speedy trial claim before trial by way of a writ petition, no affirmative showing of prejudice is required.  (*Id.* at p. 769.)  By contrast, when a pre-trial speedy trial violation is based solely on *constitutional* grounds and not on the violation of a statutory speedy trial provision, a defendant must ordinarily "demonstrate that the delay has prejudiced the ability to defend against the charge." (*Id.* at p. 766.)

Although it is not necessary to demonstrate prejudice if a statutory speedy trial claim is pursued before a conviction is obtained, a defendant must establish prejudice if he waits to pursue appellate relief until after he has been convicted.  (*Martinez, supra,* 22 Cal.4th at p. 769.)  "Prejudice becomes an issue for a statutory speedy trial violation only when the defendant waits until after the judgment to obtain appellate review. '[O]nce a defendant has been tried and convicted, the state Constitution in article VI, section 13, forbids reversal for nonprejudicial error,' and so on appeal from a judgment of conviction a defendant asserting a statutory speedy trial claim must show that the delay caused prejudice, even though the defendant would not be required to show prejudice on pretrial appellate review." (*Ibid.*; accord, *People v. Wilson* (1963) 60 Cal.2d 139, 152 [holding that defendant who seeks to reverse judgment of conviction must establish that any error in failing to grant a statutory speedy trial motion was prejudicial].)

Garcia is simply mistaken in arguing that he is not required to demonstrate prejudice in a post-conviction appeal from an order denying a statutory speedy trial motion.  It is immaterial that the motion was presented to the trial court before Garcia was convicted.  Because he waited until after he was convicted to seek appellate review of the order denying his motion, he must affirmatively show that he was prejudiced by the delay.  He has not even attempted to make such a showing.

Garcia cannot claim prejudice of the type usually involved in speedy trial claims, such as lost evidence or faded memories, because his no contest plea precludes such

6

claims.  (See *Gutierrez, supra,* 30 Cal.App.4th at p. 111.)  Further, he cannot claim that any delay deprived him of the opportunity to serve all or some portion of the term imposed in this case concurrently with the sentence imposed as a result of the Placer County conviction.  The court here ordered that the new term is to be served consecutively with the Placer County sentence.  Consequently, it is immaterial that he was sentenced beyond the 90-day period purportedly commenced by his section 1381 demand sent from county jail.  He would not have ended up serving less time in state prison if he had been sentenced earlier.

2.      *Habeas Corpus Petition*

In a habeas corpus petition consolidated with his direct appeal, Garcia argues that he is entitled to relief on his speedy trial claim because he did, in fact, send a section 1381 demand from state prison.  The contention is meritless, as we explain.

In a declaration submitted with his habeas corpus petition, Garcia claims that, on May 31, 2013, he was serving his state prison term in Tracy and submitted a section 1381 demand to prison officials with the understanding that it would be mailed to the San Mateo County District Attorney.  He acknowledges that he was provided no documentation that the section 1381 demand was actually mailed, and he further acknowledges that the district attorney denied ever receiving the notice purportedly sent from state prison.

Based upon these allegations, Garcia contends he is entitled to habeas corpus relief because the speedy trial demand purportedly mailed from state prison satisfied the requirements of section 1381.  In order to address the fact that the district attorney denied receiving the notice, Garcia argues that his demand should have been deemed constructively received by the district attorney when it was submitted to prison officials for mailing.  He relies on the "prison-delivery rule," which deems a prisoner's notice of appeal from a criminal conviction to have been constructively filed at the time it was delivered to prison officials for mailing.  (See *In re Jordan* (1992) 4 Cal.4th 116, 130.)

Garcia's habeas corpus claim is fundamentally deficient for a number of reasons.  Among other things, he did not present the facts alleged in his petition to the trial court at

the time he moved to dismiss under section 1381. Because the evidence is not newly discovered, and no reason has been offered for Garcia's failure to present the evidence to the trial court, he cannot rely upon it now to collaterally attack his conviction. (Cf. *In re Clark* (1993) 5 Cal.4th 750, 766 [criminal judgment may be collaterally attacked on basis of newly discovered evidence if it points unerringly to reduced culpability or innocence].)

Further, Garcia's reliance on the prison-delivery rule is misplaced in the context of a statutory speedy trial claim. The prison-delivery rule establishes a bright-line rule for determining whether a notice of appeal mailed by an incarcerated prisoner is timely. Application of the rule avoids using judicial resources to assess whether a defendant was sufficiently diligent and took into account potential delays in the processing of the mail in each case in which a notice was not timely received by the court clerk. (*In re Jordan, supra,* 4 Cal.4th at pp. 129–130.) By contrast, the purpose of delivering the section 1381 notice to the district attorney is to allow the prosecutor to transport the defendant to the county where charges are pending and to prepare for trial. The focus is not upon the defendant's diligence but is instead upon *actual* notice received by the district attorney. It is for this reason that the 90-day timeline commences on the date of delivery instead of the date the defendant executes or transmits the demand. (See *People v. Contreras* (2009) 177 Cal.App.4th 1296, 1301–1302.) Accordingly, the prison-delivery rule has no application to a section 1381 demand delivered to prison officials. A section 1381 demand is effective only when it is actually received by the district attorney. Without actual notice, the district attorney would have no opportunity to comply with the speedy trial demand.

Garcia's habeas claim fails for the additional reason that he has not made an affirmative showing of prejudice. Because he raised his appellate habeas claim after being convicted, he is subject to the rule requiring a showing a prejudice in order to be entitled to relief for a statutory speedy trial violation. (*Martinez, supra,* 22 Cal.4th at p. 769.) As noted above, Garcia has made no such showing.

## DISPOSITION

The judgment is affirmed and the petition for a writ of habeas corpus is summarily denied.

_____
McGuiness, P.J.

We concur:

_____
Pollak, J.

_____
Jenkins, J.